BANK OF COMMERCE AND TRUST COMPANY *v.* NORTHWESTERN
NATIONAL LIFE INSURANCE COMPANY.*

(*Nashville,* December Term, 1929.)

Opinion filed April 5, 1930.

552

554

*Corpus Juris-Cyc References: Contracts, 13CJ, section 497, p. 536, n. 76; Insurance, 32CJ, section 265, p. 1152, n. 94; Life Insurance, 37CJ, section 214, p. 484, n. 77, 80, 84; section 228, p. 492, n. 11; section 319, p. 564, n. 32.

METCALF, METCALF & APPERSON, for plaintiff in error.

SIVLEY, EVANS & McCADDEN, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is an action by the administrator of the estate of Murrell Parker Cowling, deceased, to recover the face value of a contract of life insurance. From a decree awarding a recovery to the complainant, the Insurance Company has appealed.

The contract of insurance was issued September 20, 1926, premium for one year having been paid at the date of issuance. The defense interposed is that the policy lapsed for nonpayment of the second annual premium, due September 20, 1927. The death of the insured occurred on January 25, 1928.

Prior to default in the premium, the Insurance Company executed and delivered to the insured an agreement for the extension of the time for its payment, which expired by its own limitations on December 20, 1927. Before the expiration of the first extension agreement, another agreement was executed and delivered, whereby the Insurance Company agreed to accept payment of the premium for the second year on or before January 20, 1928, referred to in the agreement as the "extension date." The agreement contained the stipulated condition:

"If the premium is not paid on or before the extension date, all rights under said policy shall be the same as if the extension had not been granted and the policy will automatically terminate as of the premium due date."

■ Unless payment of the premium was waived, the stipulated condition for the automatic termination of the policy upon the failure to receive the premium on or before the "extension date," is valid and enforcible. *Ressler* v. *Fidelity Mutual Life Ins. Co.*, 110 Tenn., 411.

In the case just cited it was held that, "questions of waiver out of the way," a forfeiture for nonpayment contained in a premium note will be as strictly enforced as a similar forfeiture contained in the policy itself. In decreeing an enforcement of the forfeiture in that case the court expressly referred to the fact that there had

been no waiver of the premium, for which the note was executed.

The chancellor in the cause at bar sustained the contention of the administrator that the premium payment, for which the extension was granted by the Insurance Company, was waived under the terms of the original policy. It seems to us to follow logically that if the payment was waived, the provision for forfeiture based upon nonpayment was also waived and is unenforcible.

The stipulated facts are that the insured, a resident of Memphis, was taken ill with pneumonia on January 16, 1928, while in the State of Mississippi; that he was confined to his bed on that day, where he remained until the morning of January 20th, on which day, under the advice of his physician, he was carried in an automobile to Memphis, in order that he might there be placed in a hospital. Upon his arrival in Memphis, about three P. M., he immediately went to his bed and was attended by a physician at four P. M. His condition was then serious and doubt was expressed by his physician whether he would survive the night. He continued in this condition until the morning of January 25, 1928, when he died. These facts support and sustain the finding of the chancellor that the insured was totally disabled from January 16th, four days before the ''extension date'' for the payment of the premium, and continued so disabled until his death, which was five days after the ''extension date.''

It is contended for the administrator that, under these facts, the insured was ''totally and permanently disabled'' at and before the agreed time for the payment of his premium; and that payment of the premium was

waived under provisions of the policy which we here quote:

"If the Insured shall become totally and permanently disabled before the anniversary of this policy nearest age sixty and while it is in full force and effect, the Company will waive the payment of future premiums and will also pay to the Insured a monthly income of one per cent of the face amount of the policy, without reducing the guaranteed values or the amount payable at death or maturity, in accordance with the following provisions:

"a. Proof. The Insured shall furnish due proof to the Company at its Home Office that he has become totally and permanently disabled by bodily injury or disease, so that he is, and will be thereby permanently, continuously and wholly prevented from performing any work for compensation, gain or profit, or from following any gainful occupation, and that such disability has then existed for not less than sixty days.

"b. Payments. Upon receipt of such proof, the Company will waive payment of each premium as it thereafter becomes due and will pay to the Insured (or, if the Insured is insane, to the Beneficiary instead of to the Insured) a monthly income of one per cent of the face amount of the policy during such disability until the death of the Insured or the maturity of the policy as an endowment, the first such monthly payment being due upon receipt of such proof. Such income payments shall not reduce the amount payable in any settlement under the policy and the guaranteed values shall be the same as though the premiums waived had been paid when due. The interest of any indebtedness on the policy shall be deducted from each income payment."

It is contended for the Insurance Company that the above quoted provisions of the policy provide for the waiver of a premium payment only when the disability commences prior to the anniversary date of the policy on which the premium first becomes due and payable; that the waiver cannot be demanded by the insured until after proof of disability has been furnished to the Company at its Home Office; and that such proof cannot be furnished until the disability has existed for as much as sixty days. In other words, it is the contention of the Insurance Company that a premium payment first becoming due upon an anniversary date of the policy is not waived on account of the total and permanent disability of the insured, unless the disability shall have been in existence as much as sixty days prior to such anniversary date, and unless proof of the fact shall have been furnished the Company.

The quoted provisions are not incorporated in the contract of insurance, but are attached thereto and made a part of the contract, a stipulated portion of the premium being assigned thereto.

█ The first paragraph of the disability provisions expresses the object and purpose of the supplementary contract of insurance, and obligates the Company to "waive the payment of future premiums" upon the insured becoming totally and permanently disabled. The subsequent paragraphs of the quoted provisions are expressly made subordinate to the first or contracting clause. If they must be construed as postponing the contractual obligation to waive premiums until sixty days after the commencement of total and permanent disability, they are manifestly repugnant to the principal clause which contains no such limitation. This being true, it

would clearly be the duty of the court to hold that the first and principal clause is controlling, and that the subsequent limitations, being repugnant thereto, are void and unenforcible. *Bean* v. *Aetna Life Ins. Co.*, 111 Tenn., 186; *Laurenzi* v. *Atlas Ins. Co.*, 131 Tenn., 645, 660-661.

It is, however, the well accepted rule that all the provisions of a contract should be construed as in harmony with each other, if such construction can be reasonably made, so as to avoid repugnancy between the several provisions of a single contract. *Laurenzi* v. *Atlas Ins. Co., supra.* Can the provision of the first paragraph, that future premiums will be waived if the insured become totally and permanently disabled, be harmonized with the provision of the third paragraph, that upon the receipt of proof of total and permanent disability of sixty days previous duration, "the Company will waive payment of each premium as it thereafter becomes due?"

The first paragraph of the quoted disability provision does not state the time of commencement nor the duration of the monthly benefit payments. It provides that the Company "will also pay to the Insured a monthly income . . . in accordance with the following provisions." Then follow the provisions of the second and third paragraphs with regard to proof of disability of sixty days duration, upon the receipt of which the first monthly payment is due, to be continued during disability until the death of the insured or until the maturity of the policy as an endowment. And it is provided that "upon receipt of such proof the Company will waive payment of each premium as it thereafter becomes due."

In so far as the waiver of premiums is concerned, we think the effect of these provisions is only that the filing of proof after sixty days of disability shall be accepted

by the Company as a sufficient basis for the waiver of premiums subsequently becoming due, without the necessity of any additional action or proof on the part of the insured, unless proof of the continuance of the disability is required by the Company, under other provisions of the policy which give it the right to demand such proof at yearly intervals.

The provisions of the second and third paragraphs are wholly inapplicable to the case of a policyholder who dies within the sixty day period, after becoming disabled; and since they do not expressly undertake to exclude from the waiver premiums payable after disability begins but before proof is filed, it would do violence to reason and well-settled rules of construction to give them that effect by inference and imputation.

■ The policyholder, rather than the insurer, is entitled to the benefit of inferences and intendments which reasonably may be drawn from dubious and uncertain language of an insurance contract. *Life Ins. Co.* v. *Galbraith*, 115 Tenn., 471; *Laue* v. *Grand Fraternity*, 132 Tenn., 233.

■ So we hold that the provisions that premiums subsequently becoming due will be waived upon the filing of proof of disability of sixty days duration, does not limit nor destroy the previous provision of the contract that upon the insured becoming totally and permanently disabled future premiums will be waived.

■ It follows that the policy contains no provision for notice to the Insurance Company of disability relied upon to work a waiver of a premium payment, which terminates in the death of the insured within sixty days. In such case notice within a reasonable time is sufficient; and is all that can be required of the insured or of the beneficiary of the insurance. *Minnesota Mutual Life Ins.*

*Co.* v. *Marshall,* 29 Fed. Rep. (2d), 977; *Missouri State Life Insurance Co.* v. *Le Fevre* (Texas Court of Civil Appeals), 10 S. W. (2d), 267; *Metropolitan Life Ins. Co.* v. *Carroll,* 209 Ky., 522, 273 S. W., 54; *Southern Life Ins. Co.* v. *Hazard,* 148 Ky., 465; *Merchants Life Ins. Co.* v. *Clark* (Texas Court of Civil Appeals), 256 S. W., 969; *American National Life Ins. Co.* v. *Rardin,* 74 Okla., 146; *Marti* v. *Midwest Life Ins. Co.,* 108 Neb., 845.

The cases of *Walters* v. *Life Ins. Co.,* 159 Tenn., 541, and *Wolfe* v. *Mutual Life Ins. Co.,* 3 Tenn. App. Rep., 199, are not authority in the cause at bar. In each of those cases the only provision of the insurance contract for the waiver of premiums during disability was expressly made dependent upon the condition precedent that proof of disability should be furnished the company. In *Walters* v. *Life Insurance Company,* the contract was that the company would itself pay the premiums, "which shall become payable after the accrual and proof of said disability;" and in the Wolfe case it was expressly stipulated in the contract that the premiums waived would be those "commencing with the first premium due after approval of due proof of such disability." No such contract as the one in the cause at bar was before the court in either of the cited cases.

▆ The provision of the contracting clause with reference to the waiver of premiums is that "the Company will waive the payment of future premiums." "Future premiums" include, in our opinion, all premiums which are to be paid in the future; that is, all premiums which the Company would otherwise be entitled to demand after the commencement of the total and permanent disability of the insured. The plain and obvious import of the language of the contract to the insured would be that,

if he should become totally and permanently disabled while the contract is in full force and effect, he will not thereafter be required to pay any sum as premiums, in order to prevent his contract from lapsing.

Holding to this view, it seems obvious to us that if the disability of the insured should commence during the thirty days grace period, following the anniversary date of the policy, which is the "due date" of the annual premium, the disability would operate as a waiver of the premium already due but not in default until the expiration of the grace period. We, therefore, concur in the opinion of the United States Circuit Court of Appeals for the Eighth Circuit in the case of *Minnesota Mutual Life Ins. Co.* v. *Marshall,* 29 Fed. Rep. (2d), 977. In that case the suit was upon a contract of insurance which provided that if the insured should become totally and permanently disabled, the company would "waive the payment of premiums thereafter becoming due." This disability of the insured commenced during the grace period, and it was contended for the Insurance Company that the premium for which payment could be made during the grace period had become due prior to the commencement of the disability, and therefore was not waived. In overruling the contention of the Insurance Company, the Court of Appeals said:

"If the insured had died during the grace period of his policy, without the payment of the premium which fell due October 14th, no question would be raised as to the right of his beneficiary to recover. Why should a different rule be applied when a disability during the grace period is sustained which renders him totally and permanently disabled? To give the insured the full benefit of his policy, and carry out the intention which was

doubtless in the minds of the contracting parties when the policy was written, his policy should not be allowed to forfeit where his disability occurs during the grace period of his policy and continues until his death. Any other construction would be a harsh one and deprive him of a right for which he had paid the insurance company, and which he could only enjoy by employing in advance some agent to protect for him. Why so construe this disability clause in insurance policies as to make it worthless in many cases? Death benefits are good for thirteen months, and are fixed as of the date of death. Why should not the disability benefits be good for the same length of time, and begin as of the date of the disability? This is not an unreasonable and strained construction, and would be more in keeping, perhaps, with the representations made at the time of writing the insurance policy. The same measure of protection should be extended to the insured during the thirteenth month that he admittedly had during the other twelve months.''

The language of the contract in the case at bar is more favorable to the contentions of the administrator than in the case of *Insurance Company* v. *Marshall*. An insurance company could with better reason insist that the premium involved in the Marshall case was not one ''thereafter becoming due,'' than it could insist that a premium which the insured was entitled to pay after the commencement of his disability was not included within the phrase ''future premiums.'' But in either case we think the meaning conveyed is that the insured would not be required to pay any additional premium after the commencement of his permanent and total disability.

The effect of the two ''extension agreements,'' requested by the insured and executed by the Insurance

Company, was, in a sense, to extend the grace period, or the period during which insured was entitled to have the Company accept the second annual premium, and thereby to continue the contract in full force and effect, until January 20, 1928. The agreements were not accepted as notes, in liquidation of the annual premium, but expressly provided that the sum to be paid on or before January 20, 1928, was the "annual premium;" and the forfeiture clause made the right to forfeiture depend upon the non-payment "of the premium," on or before the extension date.

Although this premium was payable under the original contract of insurance on September 20, 1927, the date for its payment had been changed by supplemental contract, and in consideration of the execution of the agreement, together with the payment of interest on the premium for the period of the extension granted, the Insurance Company contracted that this premium should not be in default until the "extension date" agreed upon.

By the acceptance of the "extension agreement" the insured did not waive any of the rights and privileges secured to him by the original contract of insurance, and the original contract remained in full force and effect during the extension period. It was stipulated in the agreement that if the insured should die during the extension period, the premium covered by the extension should be deducted from the amount payable under the policy. This would have been a proper deduction if the insured had died during the grace period provided by the original contract. Acts 1907, chapter 457, section 2.

We are unable to appreciate the force of any argument which would deny that the premium, payable under the extension agreement on January 20, 1928, was a "future

premium'' with reference to the inception of the insured's disability which occurred on January 16, 1928. It was a payment which was required to be made thereafter, and which could be made thereafter, in order to continue the contract of insurance in full force and effect. It was, therefore, a premium which was waived by the terms of the original contract, if the disability was a total and permanent disability within the application of the disability provisions.

█ It cannot be denied that the insured was totally disabled from January 16, 1928, until the date of his death. The learned chancellor cited and relied upon *Minnesota Mutual Life Ins. Co. v. Marshall*, 29 Fed. Rep. (2d), 977, and a note in 40 A. L. R., 1386, in support of his holding that the disability was permanent because it continued until the death of the insured.

We are impressed with the clear accuracy of the statement of the annotator, introducing the note cited by the chancellor, 40 A. L. R., 1386:

''The word 'permanent' would seem from its derivation to connote the idea of staying or remaining to the end, or of lasting. And to the ordinary mind 'permanent disability' would generally convey the idea of a disability lasting until death, in distinction from a disability from which the victim recovers after a time.''

The annotation deals with cases holding that a disability from which a recovery is made may be a permanent disability, within the term as used in insurance contracts. The annotator was expressing his own conception that the term conveys the idea ''of a disability lasting until death.''

At the time the premium in question was payable, under the terms of the extension agreement, it was perhaps

uncertain whether the insured's disability would prove permanent. The event determined its permanency, in so far as the insured was concerned. *Missouri, etc., Ins. Co. v. Le Fevre* (Texas Court of Civil Appeals), 10 S. W. (2d), 267. And it must be conceded that the word "permanent" is used in the policy as a relative term, with reference to the duration of the life of the insured. We think the disability was no less permanent because it resulted in the death of the insured within a short time. *Minnesota Mutual Life Ins. Co.* v. *Marshall, supra; Missouri, etc., Ins. Co.* v. *Le Fevre, supra; Metropolitan Life Ins. Co.* v. *Carroll,* 209 Ky., 522, 273 S. W., 54; *Merchants Life Ins. Co.* v. *Clark,* 256 S. W., 969.

We conclude, therefore, that the unpaid premium was payable under the contract between the parties on or before January 20, 1928, and was not in default until that date; that by the terms of the contract payment of this premium was waived by the Insurance Company on account of the disability of the insured, and that the contract of insurance was, therefore, in full force and effect at the time of the death of the insured.

The decree of the chancellor is accordingly affirmed.