## SOUTHLAND LIFE INS. CO. v. GATEWOOD.

### No. 12305.

Court of Civil Appeals of Texas. Dallas.
March 26, 1938.

Rehearing Denied April 23, 1938.

Malone, Lipscomb, White & Seay, of Dallas, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

LOONEY, Justice.

Joe Wilkens Gatewood, appellee, brought this suit on the theory of an anticipatory breach of an insurance contract. On June 23, 1923, the American Re-Insurance Company issued a policy on the life of appellee in the principal sum of $2,500, which was later assumed by the Southland Life Insurance Company, appellant herein.

Appellee alleged that, at the time he received the injuries hereinafter mentioned, the policy was in full force and effect; that the annual premium due June 23, 1933 (the anniversary date of the policy), was included in and paid by the delivery to and the unconditional acceptance by appellant, of a promissory note for $84.98 due November 23, 1933; and, in the alternative, appellee alleged that, the loan value of the policy, under its automatic premium-loan provision, was sufficient to keep it in full force and effect beyond August 2, 1933, the date appellee alleged he was injured and totally and permanently disabled, and that by reason thereof, he was entitled to invoke the premium-waiver provision of the policy; that appellant was duly notified, and that later appellee offered to make full proof of his total permanent disabled condition, but appellant's agents and representatives in charge of the matter, informed appellee that his policy lapsed midnight August 1, 1933, that it was not in force and effect when he received the alleged injuries—in other words, appellant denied any liability under said policy, therefore, appellee sought to recover its face value, discounted at a reasonable rate, less existing indebtedness.

Answering the merits, appellant pleaded the loan provisions of the policy, alleged that, when the annual premium ($60.60) became due June 23, 1933, there was outstanding a policy note evidencing a loan against the policy; also, balance of $37.-20 due on a premium extension note given in settlement of the premium for the preceding year; that appellee, failing to pay the premium due June 23, 1933, the policy was continued in force under its automatic premium-loan provision until midnight August 1, 1933, at which time, the outstanding indebtedness equaling its loan value, the policy automatically ceased to exist, hence was not in force or effect on August 2d, when appellee claims he was totally and permanently disabled; that the note for $84.98 included the annual premium ($60.60) due June 23, 1933, also the annual interest in advance ($24.38) on the policy loan, mentioned by appellee as having been accepted unconditionally by appellant, was not accepted by appellant in payment of the premium due June 23d, and appellee was timely advised of that fact. Appellant also alleged that, under the facts, the premium-waiver provision of the policy never became effective; denied that appellee was injured and disabled during the life of the policy, and alleged further that appellee failed to give notice and furnish proof of the alleged injuries and disability, while the policy was in force and effect.

At the conclusion of the evidence, the trial court overruling motion by appellant for an instructed verdict submitted the case to a jury; the issues submitted and the answers of the jury are, to the effect, that the note for $84.98, mentioned in the pleadings, was unconditionally accepted by appellant; that on August 2, 1933, appellee sustained bodily injuries resulting in his being totally and permanently disabled; that his disability began on August 2d; that his life expectancy on that date was ten years; that in arriving at the present value of the policy, 2½ per cent. compounded annually during the period of expectancy was a reasonable rate of discount, less the amount of existing indebtedness; and that appellee had been and was unable to procure other insurance in a solvent life insurance company. Appellant filed a motion for judgment non obstante veredicto, which being overruled, the court rendered judgment in favor of appellee for $1,552.53, from which appellant appealed.

Appellant contends that the note for $84.98, in question, which included the amount of the annual premium due June 23, 1933, was never unconditionally accepted by it, and that, as the policy expired midnight August 1, 1935, because at that time the indebtedness against it equaled its loan value, hence was not in force on

August 2d, when it is alleged that appellee was injured and disabled—therefore, the trial court erred in refusing to render judgment for appellant.

Appellee contends that, the finding of the jury, to the effect that, appellant had unconditionally accepted the note for $84.-98 (which included the annual premium due June 23, 1933) was amply sustained by evidence; and, in the alternative, appellee denies that the loan value of the policy became exhausted midnight August 1, 1933, but was sufficient in amount to, and did, automatically continue the policy in full force and effect several days beyond August 2, 1933, hence that, under either the first or alternative contention, appellee was entitled to judgment as rendered, and that same should be affirmed.

The material facts bearing upon these contentions substantially are these: On July 5, 1933, appellee received from appellant the following letter: "Dear Mr. Gatewood: Policy A-50447. You did not pay your note of $36.89, interest 31c, a total of $37.20, which was due June 22. Your valuable life insurance policy did not lapse as there is some value which will protect you during the premium-waiver period. However, in addition to this unpaid note, there is also unpaid the regular annual premium of $60.60, and then interest on the outstanding loan for the coming year, $24.38. There will not be enough value to protect all the amounts due. However, if you would pay off the outstanding note with the interest earned, $37.20, then if you could not pay the premium and interest on the policy loan, we would be in a position to protect you. A note is enclosed dated June 23, 1933, to fall due November 23, 1933, for $84.98. It is necessary to interline this note showing that, in addition to the premium it is also to take care of the policy-loan interest item. Keep in mind the end of the grace period for final settlement, which will be July 24."

On July 6, 1933, appellee carried the note (mentioned in the letter just copied), together with the letter, to the desk of Mr. Geo. E. Wilkin, soliciting agent for appellant who maintains a desk in appellant's building in connection with its general offices; signed the note in the presence of Mr. Wilkin, left it with him to be presented to the company, mentioning the item of $37.20, payment of which was exacted and requested Wilkin "to straighten it up." The $37.20 item was never paid

and the matter was never straightened up. So, on July 14, 1933, appellant wrote the following letter to appellee: "Dear Mr. Gatewood. Policy A-50447. We have not received your signed note for $84.89 sent you with our letter of July 5, covering your annual premium and loan interest due on this policy June 23, 1933. At the time we wrote you on July 5, we agreed to accept your note for both the premium and loan interest provided you would remit covering the outstanding note on the policy, with interest, due June 23, 1935. The note of $36.89 with interest 31c made a total of $37.20 necessary to cover these items, and this is the payment necessary before we could accept a new note for the current premium $60.60, with loan interest $24.38, total $84.98, due June 23, 1933. Therefore, please send to the Home Office immediately the payment of $37.20 necessary to take up the outstanding note with interest. This should be forwarded by the last day of grace July 24, 1933."

Both appellee and his wife denied having received the letter of July 14th; be that as it may, the letter is relevant, as tending very strongly to show that, the note for $84.98 had not at that time been unconditionally accepted. In this connection, it is worthy of note that, although Wilkin was simply a soliciting agent of appellant, without authority to collect premiums, extend notes, etc., yet, during the life of the present policy, appellee had generally settled annual premiums with Wilkin, ordinarily, by making a small cash payment ($5 to $10) and executing a note for the remainder; also that, on August 2, 1933, appellee was totally and permanently disabled as the result of an accidental injury; and that, on same day, Mrs. Gatewood telephoned Mr. Wilkin that her husband had been injured.

On August 3, 1933, appellee received the following letter from appellant: "Dear Mr. Gatewood: Policy A-50447 Lapsed. Your policy has been allowed to lapse for non-payment of the annual premium, $60.60, with loan interest of $24.38, total $84.98, due June 23, 1933. A note was outstanding for $36.89 with interest of 31c, total $37.20, which had been extended for you until June 22, 1933. After the grace period expired July 24, the remaining value of the policy was used which continued it in force for an automatic extension until August 2, 1933, the policy lapsing at that time. It will now require an application for reinstatement and a form of self-

health certificate is enclosed for this purpose. You may complete this properly before a witness and return it for consideration just as soon as you are prepared to take up payment of the note with interest totalling $37.20. Then we will still be able to use the note which you signed and returned for the premium and loan interest totalling $84.98 maturing November 23, 1933, providing the application for reinstatement is approved. In the meantime, of course, the policy remains fully lapsed."

On August 28, 1933, appellant also wrote appellee as follows: "Dear Mr. Gatewood: Policy No. A-50447 Lapsed. If you should later be in a position to take up the outstanding note on this policy $36.89, with interest, and would still be interested in applying for reinstatement of this policy, advise us. We shall be glad to renew the correspondence and assist you again at that time. The policy, of course, remains lapsed, providing no insurance protection, as the remaining value amounted to $453.62, was used to continue it in force for you automatically from June 23, 1933, until August 2, 1933. We advised you of the lapse of the policy on August 3, 1933. We are now returning the note which you had already signed for $84.89, to cover the premium, $60.60, with the loan interest $24.38, due June 23, 1933. In order that we could accept this note for the premium and loan interest, it would require payment of the outstanding note with interest, which we advised you, total $37.20. As you did not take care of the outstanding note, with interest, of course we were unable to accept the new note for the premium and loan interest, and as a result the policy was allowed to lapse, in accordance with its terms for incomplete settlement. This note for the premium and loan interest may still be used, provided you can arrange to take up the outstanding note with interest, and furnish satisfactory evidence of insurability." The writer of the letters of August 3d and 28th testified that they were written without knowledge on his part that appellee claimed to have been injured.

■ The facts just detailed constitute the material evidence bearing upon the issue as to whether or not the note in question had been unconditionally accepted by appellant, as found by the jury. Appellee neither paid nor arranged to pay the balance of $37.20 due on the premium note for the preceding year; the most that can be said is that, he requested Mr. Wilkin to straighten out with appellant the matter of its payment, and it seems that appellee dropped the matter at that; hence the condition on which appellant proposed to accept the $84.89 note, never having been complied with, we do not think it can be correctly said (as found by the jury) that the note was unconditionally accepted. The effect of what appellee did and said was simply to submit to appellant, through Wilkin, a counter proposition, asking that the note be accepted without payment of the $37.20 item. As the minds of the parties did not meet, an agreement with reference to the matter was never consummated. The following authorities are more or less in point: Diamond Mill Co. v. Adams-Childers Co., Tex.Civ.App., 217 S.W. 176; Liquids Dispatch Line v. Texas Power & Light Co., Tex.Civ.App., 6 S.W.2d 169; Flomerfelt v. Hume, 11 Tex.Civ.App. 30, 31 S.W. 679. So, we conclude that, as a matter of law, appellant did not unconditionally accept the note in question.

■ However that may be, we do not think the holding just announced will cause a reversal of the judgment, because, we think it appears that the loan value of the policy was sufficient to have continued it in full force and effect beyond August 2, 1933. This being true, it follows that, the policy did not automatically lapse midnight August 1st, as contended by appellant. As appellee became totally and permanently disabled on the morning of August 2d, just a few hours after the end of the preceding day (at which time appellant contends the policy lapsed), a few cents of unexpired value in the policy take on added value, for even a few cents would purchase one day more of life for the policy and entitle appellee to the benefit of the premium-waiver provision of the policy. In reaching the conclusion just announced, we have been largely guided by the result of calculations by counsel for appellee, based upon data furnished by appellant's witnesses (see pages 29–35 appellee's brief).

■ Appellant contends, however, that appellee was not entitled to invoke the premium-waiver clause of the policy, because no proof, as to his total permanent disability, was furnished to or approved by appellant during the life of the policy. The premium-waiver clause reads: "The company will pay for the insured the premium required on this policy for every policy year following the date of approval by the com-

pany of proof that the insured has become totally and permanently disabled, as hereinafter defined, before attaining the age of sixty, and the premiums so waived will not be deducted in any settlement of the policy and loan and nonforfeiture values shall be the same as if such premiums had been paid by the insured." No question is here raised as to the sufficiency of the evidence to show that appellee became totally and permanently disabled on August 2, 1933. The policy contains no provision requiring proof of disability to be made within any specified time; therefore, proof or offer to make proof within a reasonable time was sufficient. On the day of the injury, Mrs. Gatewood phoned Mr. Wilkin, whose connection with appellant has heretofore been mentioned, that appellee had been injured; later other phone conversations were had with Mr. Wilkin relative to appellee's injuries; in September the fact was known to one of appellant's actuaries, and on October 9th appellee presented himself at the general offices of appellant, stated that he wanted to make claim under the policy, and offered to submit to an examination by the company's physician. In reply, appellant's representatives contended that the policy had lapsed, that the company was not liable, and that they would not permit appellee to be examined or file claim; in other words, denied any and all liability under the policy. This attitude constituted a waiver and obviated any necessity for appellee to furnish formal proof of disability. See Bankers' Reserve Life Co. v. Springer, Tex.Civ.App., 81 S.W.2d 756, writ refused; American Nat. Ins. Co. v. Smith, Tex.Civ.App., 97 S.W.2d 963.

■ Was the premium-waiver provision of the policy operative immediately on appellee's becoming totally and permanently disabled, or was its effective date postponed until proof of such disability was either furnished to or waived by the company? If effective immediately—on August 2d—clearly, appellee was entitled to have all premiums subsequently maturing on the policy paid or abated. On the other hand, if the premium-waiver clause did not become operative until proof of appellee's disability was either furnished or waived by the company, the offer by appellee to furnish proof, made October 9th, came too late and, in such event, he would not be entitled to invoke the premium-waiver clause.

It is obvious, we think, that the waiver clause was inserted on the reasonable assumption that an insured becoming totally and permanently disabled—his earning capacity either destroyed or materially impaired—would not likely be able to pay premiums subsequently maturing. Any other construction would defeat the obvious purpose of the provision. Construing a similar provision, in State Life Ins. Co. v. Barnes, 58 S.W.2d 189, 190, dismissed for want of jurisdiction, Chief Justice McClendon, speaking for the Austin Court of Civil Appeals, said: "The controversy on appeal revolves mainly around a proper construction of the waiver provision, whether notice to appellant of Barnes' disability prior to default in payment of the premiums was a condition precedent to effectiveness of the waiver. * * * While the authorities in other jurisdictions are not in accord upon the question, those in this state, which we think are supported by the better reasoning, hold that the waiver took effect at the time of the disability, and did not depend upon the time when proof thereof was furnished." Citing the following authorities: Minnesota Mut. Life Ins. Co. v. Marshall, 8 Cir., 29 F.2d 977; Mid-Continent Life Ins. Co. v. Hubbard, Tex.Civ. App., 32 S.W.2d 701, error refused; Missouri State Life Ins. Co. v. Le Fevre, Tex. Civ.App., 10 S.W.2d 267, error dismissed; State Life Ins. Co. v. Fann, Tex.Civ.App., 269 S.W. 1111, error refused; Merchants' Life Ins. Co. v. Clark, Tex.Civ.App., 256 S.W. 969, error refused; Bank of Commerce & Trust Co. v. Northwestern Nat. Life Ins. Co., 160 Tenn. 551, 26 S.W.2d 135, 68 A.L.R. 1380; Southern Life Ins. Co. v. Hazard, 148 Ky. 465, 146 S.W. 1107. Also, see, Garrison v. Great Southern Life Ins. Co., Tex.Civ.App., 72 S.W.2d 692.

■■ Having denied all liability under the policy, on the theory that it lapsed midnight August 1st, we think appellant committed an anticipatory breach of the insurance contract, justifying the suit by appellee to recover the present value of the policy, less indebtedness. The jury found that appellee's life expectancy was ten years; that 2½ per cent. compounded annually for the period of such expectancy was a reasonable discount to apply in order to ascertain the present value of the policy (face value $2,500) less existing indebtedness. It was on this basis that the court rendered judgment for appellee for $1,552.-

53, which we approve as the correct measure of damages. See Sanders v. Universal Life, etc., Co., Tex.Civ.App., 74 S.W.2d 301, same case by Supreme Court, 102 S.W.2d 405.

■ Appellant also urges a number of assignments, based on exceptions taken to arguments before the jury by counsel for appellee. In most instances, the language excepted to was addressed to the issue, whether or not the note for $84.98 was unconditionally accepted, and as we sustain appellant's contention with reference to that matter, assignments based upon arguments addressed to that issue become immaterial, however, after a careful consideration, we are not impressed that there is any merit in the assignments urged by appellant to the argument of counsel.

For reasons stated, the judgment of the trial court is affirmed.

Affirmed.