## COMMONWEALTH CASUALTY & INS. CO. v. WHITE.

### No. 10851.

Court of Civil Appeals of Texas.
San Antonio.
June 26, 1940.

Rehearing Denied Aug. 7, 1940.

Goggans & Ritchie, William P. Goar, and Chrestman, Brundidge, Fountain, El-

liott & Bateman, all of Dallas, for appellant.

Spears, Conger, Baskin & Spears, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by James F. White against Commonwealth Casualty and Insurance Company, on a health and accident policy, seeking to recover the sum of $1,050 because of his total incapacity and loss of time due to his having developed pulmonary tuberculosis on or about April 13, 1938, and $150 hospitalization.

The cause was submitted to the court without the intervention of a jury upon an agreed written statement of the facts. Judgment was rendered in White's favor in the sum of $1,200, from which judgment Commonwealth Casualty and Insurance Company has prosecuted this appeal.

Appellant's first contention is that the Company is not liable because White, by failing to pay a quarterly premium of $12, which came due on January 10, 1938, caused his policy to lapse for a period of seven days and therefore when he was stricken with tuberculosis on April 13, 1938, his policy had not been in continuous force for the six preceding months. The policy provided that "Disability resulting from tuberculosis * * * shall be covered only if the disease originates after the Policy has been in continuous force for the six (6) preceding months."

The policy was issued to White on July 10, 1935, and had been continuously in force from that date up until he developed tuberculosis on April 13, 1938, unless the lapsing of the policy from January 10th to 17th, 1938, for tardy payment of quarterly premium had the effect of rendering the policy not "in continuous force."

The policy also contains the following provision: "Any premium received after the due date may be accepted as a reinstatement, and upon the representation of the insured being in good health and free from any injury or sickness, and in lieu of a health certificate at the time of the Company's acceptance, but only to cover accidental injury thereafter sustained and such sickness as may begin more than fifteen days after the date of such acceptance."

The tuberculosis did not begin until more than fifteen days after the policy

**634**

was re-instated by the Company's accepting the delayed premium on January 17, 1938.

■ Therefore, the question to be decided is: Was the policy in continuous force for the six months next preceding April 13, 1938? In other words, when the tardy payment of the premium was accepted by the Company, did that have the effect of waiving the forfeiture, or did it have the effect of setting up a new contract of insurance?

There is a variance between the rules followed in the different states, but it is clear that in Texas the rule is that such acceptance of tardy payments has the effect of waiving the forfeiture and the policy is to be regarded as being in continuous effect. State Mutual Life Insurance Company v. Rosenberry, Tex.Com. App., 213 S.W. 242; Lowry v. Aetna Life Ins. Co., Tex.Civ.App., 120 S.W.2d 505.

Appellant next contends that appellee, White, is not in a position to claim the premium-waiver provision of the policy, as no premium was paid on July 10, 1938, and the policy lapsed on that date and appellee could not claim any benefits for any disabilities continuing after that date.

The premium waiver provision of the policy reads as follows: "When claim for permanent total disability of the Insured, due to bodily injury or sickness covered by this Policy, has been filed and approved while this Policy is in force, there will be no further payments due, but the insured will draw benefits as provided in the Policy."

The agreed facts as to appellee's disability are as follows:

"That on April 13, 1938, plaintiff became ill with tuberculosis in his left lung, and plaintiff has, since said date of April 13, 1938, been afflicted with such disease of tuberculosis, and such affliction was continuous until March 13, 1939, and subsequently.

"That plaintiff became totally disabled on April 13, 1938, because of said tuberculosis, and from said date to the date of March 13, 1939, plaintiff, has, on account of such tuberculosis, necessarily suffered total disability and total loss of time.

"That because of such tuberculosis, the plaintiff, on April 13, 1938, became totally disabled and was confined, and has been continuously confined within doors since said date of April 13, 1938, and until March 13, 1939; and plaintiff has because of said illness from tuberculosis, required, and has received, since April 13, 1938, to March 13, 1939, regular visits at least once a week, at his place of confinement, by a regular licensed physician other than himself or a relative. * * *

"That written notice of the accidental injury was given to the defendant company, within the time required by the terms of the policy; and notice of the illness or disease was likewise given to the defendant company within the time required and specified by the policy."

This suit was for total disability from April 13, 1938, until March 13, 1939. It was also expressly agreed between the parties that this suit was without prejudice to the rights of the parties for disability existing after March 13, 1939.

The agreed statement of facts is sufficient to show that as far as this lawsuit was concerned appellee had been totally and permanently disabled, and that such disability had been reported to appellant within the time required by the policy.

■■ It occurs to us that a fair interpretation of this premium-waiver provision is that so long as the insured is totally disabled he will not be required to pay premiums. The provision is put in insurance contracts on the theory that when the insured becomes totally disabled he will in all probability be unable to pay premiums, therefore, they are waived by the company. It is unimportant whether or not the claim for disability had been approved by appellant, the waiver would become operative from the date of the total and permanent disability and not from the date the claim might be approved by the insurance company. State Life Insurance Co. v. Barnes, Tex.Civ.App., 58 S.W.2d 189; Southland Life Insurance Company v. Gatewood, Tex.Civ.App., 115 S.W.2d 723.

■ We cannot construe this policy as meaning that even though White became totally disabled on April 13, 1938, from a sickness covered by the policy, and although he filed proper claim for such disability with the company within the proper time, he would nevertheless have to continue to pay his premiums thereafter as they became due, or otherwise the insurance company would be relieved from further liability.

The judgment is affirmed.