CARTER et al. v. OLD FAITHFUL COUN-
TY MUT. FIRE INS. CO.

No. 15277.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 19, 1951.

Ewing Jones, Dallas, for appellants.

H. B. Houston, Dallas, for appellee.

CULVER, Justice.

Suit was brought by appellant Florine Carter on a certain fire insurance policy issued by appellee covering household goods. On trial to a jury, the court instructed a verdict for the appellee insurance company and thereafter rendered judgment that the appellant take nothing.

The application for the policy was taken by the company's agent, one Scoggins, and the policy thereafter issued on the 1st day of November, 1949. The policy provided for a quarterly premium of $4.80 payable in advance, and that "failure to pay same shall lapse this policy and it shall be suspended, in operative and of no force or effect so long as such premium, or any part thereof, remains past due and unpaid; and in case of any loss upon said property, while said premium is past due and unpaid, the company shall not be liable for such loss * * * while said premium or any part thereof remains overdue and unpaid, and then only for loss occurring after past due premiums have been received at the home office and the issuance of official premium receipt signed by an authorized official of the company and bearing the date of re-instatement. Only the president or the secretary of this company has the authority to change or alter this contract in any manner whatsoever, and then only by proper endorsement hereon." In large letters on the back of the policy was printed the following stipulation: "The insured is required to pay premiums without notice at the home office or branch office of the company. We have no collectors." The quarterly premium due on February 1 was not paid until March 20, and the premium due May 1 was paid on May 25th. On each occasion the policy which had lapsed for nonpayment was reinstated and notice to that effect mailed to the appellant at her home address. The August premium was not received at the office of the company. Appellant testified that the agent Scoggins told her that he would call by and collect the premiums and that when he called, she paid him the February and May premiums. She further testified that she paid to this agent the August premium on the 12th of August and that on the following day the household goods were destroyed by fire.

Appellant asserts that the court erred in granting appellee's motion for a directed verdict for the reasons that, (1) appellee company had waived the provision in its policy requiring payment of its premiums at its home office; (2) that appellee was estopped to claim as a defense the provision in its policy requiring payment of premiums at its home office. Under the circumstances here these two points raised essentially the same question, there being no substantial distinction. Southland Life Insurance Company v. Lawson, 137 Tex. 399, 153 S.W.2d 953, 136 A.L.R. 1212; Globe Mutual Insurance Company v. Wolff, 95 U.S. 326, 24 L.Ed. 387.

The witness Scoggins testified that he had not been in the employ of appellee company since about the middle of November, 1949, and that the only premium ever collected by him from appellant was the one paid at the time he took the application for the policy. The president of the company testified that to his knowledge Scoggins had never collected any renewal premiums on any policies and that premium notices were mailed to appellant twenty days before due date and five days before due date, which notices contained the provision, "Pay all premiums direct to the home office. No agent has authority to collect this premium. *We have no collectors.*" Appellant maintained that she never received any notices from the company and that the receipts given her by the agent Scoggins were written on pieces of paper which were destroyed in the fire.

If Agent Scoggins collected the premiums there is no showing that the knowledge of that fact was ever brought home to the responsible officers of the com-

pany. Assuredly, if the company's agent or any one else had brought the premiums to the home office for the insured, the company or its cashier could not rightfully have refused to accept the same merely because the insured had not herself brought them in. There is shown no act or conduct on the part of the officers of the company which would amount to a waiver of the condition laid down in the policy. "A waiver presupposes a full knowledge of a right existing and an intentional surrender or relinquishment of that right." 24 Tex. Jur., p. 884; Commonwealth Life & Accident Ins. Co. v. Nelligan, Tex.Civ.App., 220 S.W.2d 209.

 Admittedly the policy lapsed when the August 1st premium was not paid on its due date. The agent would have no authority to accept the premium after the lapse and bind the company to its reinstatement where the premium had not been delivered to the home office and accepted. Columbian Nat. Fire Ins. Co. v. Dixie Co-op M. O. House, Tex.Com.App., 276 S. W. 219. The points are overruled.

 Appellant further contends that even though there had been no payment of the premium on the 12th of August, nevertheless, the premium paid on May 25th would have extended the policy for another term of three months from that date. Otherwise, she says, since the policy would not have been in force for the first twenty-five days of May, she would be paying the full quarterly premium for a little more than two months' protection. Certain cases from other jurisdictions are cited in support of this contention, namely: Eisenberger v. North American Accident Ins. Co., 165 A. 295, 11 N.J.Misc. 217; MacDonald v. Metropolitan Life Insurance Co., 304 Pa. 213, 155 A. 491, 77 A.L.R. 353. This point is overruled. Plaintiff's petition did not assert such theory of recovery, but on the contrary, alleged that the quarterly premiums were due on February 1st, May 1st and August 1st, 1950, and that the same were paid on or about the due dates and particularly that "On or about August 1, 1950, plaintiffs paid to defendant an additional quarterly premium of $4.80 continuing such insurance policy in full force and

effect until November 1, 1950." Rule 301, Texas Rules of Civil Procedure provides in part, "The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity." Johnson Aircrafts, Inc., v. Wilborn, Tex.Civ.App., 190 S.W.2d 426. No amendment was filed by appellant nor request made for leave to file an amendment setting up this theory of recovery.

 Again we think the Texas decisions have not followed this line of reasoning. In Commonwealth Casualty & Ins. Co. v. White, Tex.Civ.App., 142 S.W.2d 633, 634, the court holds, "There is a variance between the rules followed in the different states, but it is clear that in Texas the rule is that such acceptance of tardy payments has the effect of waiving the forfeiture and the policy is to be regarded as being in continuous effect", citing State Mutual Life Ins. Company v. Rosenberry, Tex.Com. App., 213 S.W. 242; Lowry v. Aetna Life Ins. Co., Tex.Civ.App., 120 S.W.2d 505. We can visualize the confusion that would result if the principle contended for here by appellant should be adopted.

Believing that the instructed verdict was proper, the case is affirmed.