**Ruby Inez FORD, Appellant,**

v.

**PETROLEUM LIFE INSURANCE COMPANY, Appellee.**

**No. 4768.**

Court of Civil Appeals of Texas.

Waco.

Nov. 27, 1968.

Rehearing Denied Dec. 19, 1968.

———◆———

Billings, Cookston, Weaver, Pierce & Gilley, Donald A. Gilley, Dallas, for appellant.

Thompson, Knight, Simmons & Bullion, Jerry L. Buchmeyer, Dallas, for appellee.

## OPINION

WILSON, Justice.

Judgment that plaintiff take nothing was rendered in an action for death benefits under a life insurance policy issued by defendant. The case was submitted in the trial court entirely upon stipulations, which, in our opinion required the judgment rendered, and we affirm.

While the policy was in effect insurer received on September 18 a check for an August 18 monthly premium payment. The check was twice deposited, presented for payment and returned by insured's bank because of insufficient funds. The policy provided a 31-day grace period.

October 7 the following letter on a mimeographed form (stating policy number, due date of the August 18 premium and the amount) was sent on insurer's letterhead and delivered to insured:

"The check/draft for the premium shown above has been returned to us unpaid by your bank for the second time. The bank will not accept it for redeposit; therefore, it will be necessary for you to remit payment directly to us. We feel sure it is your desire to keep this valuable protection for your family and and would appreciate your clearing this draft before *October 17, 1964* [blank filled], the expiration date of the grace period." The letter was signed by an employee in insurer's accounting department.

October 12 the insured died. October 14 plaintiff beneficiary sent a cashier's check to insurer for the amount of the premium. This check was returned to the beneficiary.

We assume, without deciding, that plaintiff's contention is correct to the effect that under these facts alone a waiver of nonpayment of premium and extension of the grace period would have been effected. Other facts stipulated, however, require affirmance of the judgment:

The parties stipulated that the accounting department in which the writer of the October 7 letter worked was authorized to handle for insurer: (1) billing, collection and receipt of premium payments; (2) recording of these payments; (3) deposit of premium payment checks and the clearing of returned checks; and (4) correspondence with insureds concerning purposes stated in (1), (2) and (3). "Within such authority" the employee was authorized to send the October 7 letter to insured, but neither the employee nor accounting de-

partment in which she worked "had authority to extend the grace period or the time for premium payment, or to waive forfeiture of the policy for nonpayment of premiums when due."

The policy provided only specified officers of insurer could waive in writing any condition or extension of time for premium payment or change or modification of the policy. The accounting department employee was not such officer.

Plaintiff argues that the writer of the letter was authorized to write it under the powers enumerated. The stipulation effectively negated authority of the writer of the letter to extend the grace period to the time payment was made, or to waive forfeiture for nonpayment of premium when due, and thereby precluded recovery. Commonwealth Life & Accident Ins. Co. v. Nelligan, Tex.Civ.App., 220 S.W.2d 209, writ ref. n. r. e.; Carter v. Old Faithful County Mutual Fire Ins. Co., Tex.Civ.App., 243 S.W.2d 215; 16A Appleman, Insurance (1968), Sec. 9122, p. 395; 32 Tex.Jur.2d, Insurance, Sec. 162, p. 284. But cf. Home Ins. Co. of New York v. Roberts, 129 Tex. 178, 100 S.W.2d 91, 93.

Equitable Life Assur. Society of United States v. Ellis, 105 Tex. 526, 147 S.W. 1152, relied on by appellant, does not relate to the present question. There the insurer by a long course of continuous negotiation, after expiration of the grace period, made numerous proposals in an effort to keep the policy in force (including an offer to make a premium loan). These efforts were made by "a general officer of the company", its cashier, who admittedly had the requisite authority. Massachusetts Bonding and Ins. Co. v. Orkin Exterminating Co. (Tex.Sup.1967), 416 S.W.2d 396, also cited, involved effect of insured's conduct under a nonwaiver agreement. It is not in point. In other cases cited the acting agent had direct authorization.

The judgment is affirmed.