IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 18, 2000 Session

## SHIRLEY A. TRIPPETT MARCUM v. MICHAEL W. TRIPPETT

**A Direct Appeal from the Circuit Court for Shelby County**
**No. 141152 R.D.     The Honorable Wyeth Chandler, Judge By Designation**

---

**No. W1999-00255-COA-R3-CV - Filed November 21, 2000**

---

This appeal involves the interpretation of a marital dissolution agreement pertaining to a division of marital property. The trial court interpreted the agreement to require Husband to begin paying $1,200.00 per month to Wife for her interest in the marital property, an insurance agency. Husband has appealed.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which HOLLY KIRBY LILLARD, J. and ALAN E. HIGHERS, J., joined.

Dennis J. Sossaman, Memphis, For Appellant, Michael W. Trippett

Thomas E. Hansom, Gregory S. Gallagher, Memphis, For Appellee, Shirley A. Trippett

**OPINION**

Defendant-appellant, Michael W. Trippett (hereinafter Husband), appeals the order of the trial court construing a Marital Dissolution Agreement ("MDA") incorporated in a Final Decree of Divorce. Husband and plaintiff-appellee, Shirley A. Trippett (hereinafter Wife), were divorced by final decree entered August 17, 1994. Primary custody of the parties' two children, Christopher Michael Trippett, born February 27, 1981, and Matthew William Trippett, born November 16, 1983, was awarded to Wife.

The Marital Dissolution Agreement recites that it provides for the distribution of all of the property of the parties and "makes full, adequate, fair, equitable, and sufficient provisions from each as to the other." The agreement also recites that, while the agreement may be incorporated into the Final Decree of Divorce, "those provisions of this agreement that are contractual in nature will not merge into a Final Decree of Divorce but will remain binding on the parties."

The agreement further provides, as pertinent to the issues before this Court:

4. <u>Alimony</u>. Each of the parties waives alimony payment of any nature or kind beyond consideration set forth in this Agreement which may for tax purposes be identified as "alimony in solido", and thus hereby relinquish forever all rights which either party may have with respect to alimony.

\*　　　　\*　　　　\*

12. <u>Child Support</u>. Husband shall pay to Wife the sum of Seven Hundred Seventy-Five Dollars ($775.00) per month as and for child support of the minor children of the parties, with such payments to be due and payable bi-monthly, commencing with the first day of the month following the execution of this Agreement. Husband agrees to provide to Wife not later than August 15th of each year, a copy of Husband's Federal income tax return, including W-2 and 1099 income statements for the previous year and child support shall thereafter be established and based upon the gross and/or net income of Husband as set forth in the child support guidelines for applicable dependents then in effect within the State of Tennessee. The obligation of Husband to pay child support shall continue until the children reach the age of (18) eighteen years or graduate from high school, whichever shall last occur.

13. <u>Purchase of Marital Interest</u>. The parties acknowledge that during the course of this marriage that they have acquired and operated Trippett Insurance Agency from which Husband derives his principal income. The parties further recognize that it is in their mutual best interest that Husband assume ownership and continue operation of said insurance agency and they therefore wish to make provision for the purchase by Husband of all right, title and interest of Wife in and to the assets, including but not limited to good will and right to deferred commissions in said insurance agency. Accordingly, the parties agree that Husband shall initially pay to Wife the sum of not less than Four Hundred Twenty-Five Dollars ($425.00) per month as and for an installment payment upon the purchase by Husband of the aforesaid interest of Wife in Trippett Insurance Agency with such payment to commence on the first day of the month following the execution of this Agreement and to continue uninterrupted for a period of ten (10) years thereafter. Such payment shall be paid concurrent with but not considered a part of the child support heretofore agreed upon between the parties.

If at any time Husband's obligation to pay child support shall reduce below the sum of $775.00 per month. Husband's payment to Wife for the purchase of her marital interest in Trippett Agency shall increase by an amount such that Husband's total obligation to Wife shall be the sum of $1,2000.00 per month and shall continue for the balance of the ten (10) year period of payments set forth herein.

Upon the eighteenth birthday or graduation from high school of the youngest child, whichever shall last occur, Husband's obligation to pay child support, as set forth herein, shall terminate, and Husband shall thereafter pay to Wife the sum of $1,2000.00 per month in satisfaction of his obligations under paragraph thirteen (13) and for the balance of the ten (10) year period of payments set forth therein.

On September 21, 1999, the trial court entered an order modifying the final decree by ordering joint custody of the children and designating Husband as the primary custodian effective as of January 15, 1999. The order established support payments to be made by Wife and then stated:

It satisfactorily appearing to the Court that any and all payments of child support from Shirley A. Trippett Marcum to Michael W. Trippett should be held in abeyance until such time that a specific Order is entered setting out the monthly obligations of Michael W. Trippett to Shirley A. Trippett Marcum for the purchase of her marital interest in Trippett Insurance Agency. Thus, it satisfactorily appearing to the Court that any and all child support payments from Shirley A. Trippett Marcum to Michael W. Trippett as well as any and all monthly payments for Michael W. Trippett to Shirley A. Trippett Marcum for the purchase of her marital interest in Trippett Insurance Agency should be held in abeyance until further Orders of this Court.

Further, it satisfactorily appearing to the Court that the amount of the monthly obligation of Michael W. Trippett to Shirley A. Trippett Marcum for her marital interest in Trippett Insurance Agency remains to be determined by this Court pursuant to the terms of the Marital Dissolution Agreement.

Also, on September 21, 1999, the trial court entered an "Order Interpreting Marital Dissolution Agreement." The order in pertinent part provides:

[T]he Husband's monthly payments to the Wife as set out and described in Paragraph 13 of the Marital Dissolution Agreement

-3-

beginning on Page 8 and continuing to Page 9 and continued over one (1) additional page is hereby construed to be a division of marital property, specifically the Husband's purchase of the Wife's marital interest in the business known and referred to as Trippett Insurance Agency. In addition, it is the interpretation of this Honorable Court that since the Husband/Defendant's obligation to pay child support was reduced below the sum of Seven Hundred Seventy-Five Dollars ($775.00) per month in January of 1999, that his monthly obligation to the Wife/Plaintiff for her interest in Trippett Insurance Agency did increase from the sum of Four Hundred Twenty-Five Dollars ($425.00) per month as set out in the Marital Dissolution Agreement to the sum of One Thousand Two Hundred Dollars ($1,200.00) per month with the payments of One Thousand Two Hundred Dollars ($1,2000.00) to begin in January of 1999.

Husband has appealed, and the sole issue for review is whether the trial court erred in its interpretation of the Marital Dissolution Agreement.

Husband asserts that the payments provided for in Paragraph 13 of the MDA are payments of "alimony in futuro or alimony, the amount of which is not calculable on the date the decree was entered." *See* T.C.A. § 36-5-101 (a)(2)(B) (Supp. 1999). Therefore, Husband argues, because Wife has remarried, the payments should cease pursuant to the provisions of T.C.A. § 36-5-101 (a)(2)(B). Husband's assertion is flawed, because it is premised entirely upon an attempt to catagorize his payment obligation as alimony in futuro as opposed to alimony in solido. We certainly agree with Husband that the payments are not alimony in solido, but we must disagree with Husband that the payments are alimony in futuro. The nature of the payments is to be determined from an interpretation of the Marital Dissolution Agreement.

The interpretation of a written agreement is a matter of law and not of fact, therefore, our review is *de novo* on the record with no presumption of correctness in the trial court's conclusions of law. *See Gray v. Estate of Gray*, 993 S.W.2d 59 (Tenn. Ct. App. 1998). In *Gray*, this Court said:

> A marital dissolution agreement is essentially a contract between a husband and wife in contemplation of divorce proceedings. *See Towner v. Towner*, 858 S.W.2d 888 (Tenn. 1993). "A property settlement agreement between a husband and wife is 'within the category of contracts and is to be looked upon and enforced as an agreement, and is to be construed as other contracts as respects its interpretation, its meaning and effect.'" *Bruce v. Bruce*, 801 S.W.2d 102, 105 (Tenn. App. 1990) (quoting *Mathews v. Mathews*, 24 Tenn. App. 580, 593, 148 S.W.2d 3, 11-12 (1940)).

*Id.* at 63.

-4-

In ***Bradson Mercantile, Inc. v. Crabtree***, 1 S.W.3d 648 (Tenn. Ct. App. 1999), this Court discussed the rules for the interpretation of contracts:

> The cardinal rule in the construction of contracts is to ascertain the intent of the parties. ***West v. Laminite Plastics Mfg. Co.***, 674 S.W.2d 310 (Tenn. App. 1984). If the contract is plain and unambiguous, the meaning thereof is a question of law, and it is the Court's function to interpret the contract as written according to its plain terms. ***Petty v. Sloan***, 197 Tenn. 630, 277 S.W.2d 355 (1955). The language used in a contract must be taken and understood in its plain, ordinary, and popular sense. ***Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.***, 521 S.W.2d 578 (Tenn. 1975). In construing contracts, the words expressing the parties' intentions should be given the usual, natural, and ordinary meaning. ***Ballard v. North American Life & Cas. Co.***, 667 S.W.2d 79 (Tenn. App. 1983). If the language of a written instrument is unambiguous, the Court must interpret it as written rather than according to the unexpressed intention of one of the parties. ***Sutton v. First Nat. Bank of Crossville***, 620 S.W.2d 526 (Tenn. App. 1981). Courts cannot make contracts for parties but can only enforce the contract which the parties themselves have made. ***McKee v. Continental Ins. Co.***, 191 Tenn. 413, 234 S.W.2d 830, 22 ALR2d 980 (1951).

*Id.* at 652.

All provisions of a contract should be construed as in harmony with each other if such construction can be reasonably made so as to avoid repugnancy between the various provisions of a single contract. ***See Bank of Commerce & Trust Co. v. Northwestern Nat'l Life Ins. Co.***, 160 Tenn. 551, 26 S.W.2d 135, 68 A.L.R. 1380 (1930); ***Rainey v. Stansell***, 836 S.W.2d 117 (Tenn. Ct. App. 1992).

With the above rules in mind, we review the Marital Dissolution Agreement. In Paragraph 13, the parties acknowledge "that during the course of the marriage that ***they*** have acquired and operated Trippett Insurance Agency." (Emphasis added.) Thus, the parties recognize that the agency is marital property. Paragraph 13 specifically provides for "the purchase by Husband of all right, title and interest of Wife in and to the assets, including but not limited to good will and right to deferred commissions in said insurance agency." Thereupon, the MDA provides for the payment of $425.00 per month as an installment payment to be paid concurrent with but not as a part of the child support previously set out in the agreement as $775.00 per month.

Notably, the initial payment of $775.00 per month child support and the $425.00 installment payment for the purchase of Husband's interest in the insurance agency equals $1,200.00. The continuation of Paragraph 13 specifically provides that, in the event that the child support obligation reduces below the $775.00 per month, Husband's installment payment for Wife's interest in the

agency shall increase by an amount to make a total obligation of $1,200.00 per month for the balance of the ten year period. Paragraph 13 also clearly provides that when the child support obligation is totally extinguished by the terms of the agreement, the installment payments shall be $1,200.00 per month for the balance of the ten year period.

We, like the trial court, find no ambiguity in the provisions of the Marital Dissolution Agreement. The parties made an agreement as to the purchase of the marital assets, which is countenanced by T.C.A. § 36-4-121 (g)(1)(1996). Under the terms of that agreement, they recognize that Wife, in relinquishing her marital interest in the insurance agency, should have $1,200.00 per month for ten years, but that, while an obligation for child support existed, the installment payment of that marital interest in the agency would be reduced accordingly. Husband asserts that the payments under Paragraph 13 cannot be a distribution of an asset, "because the plaintiff would ask that you modify the amount of money being paid from $425.00 per month to $1,200.00 per month." We must disagree with Husband's choice of words. We do not see the interpretation of the agreement by the trial court and by this Court as a modification of the agreement, because the agreement provides for the interpretation made by both courts. This was a contract for the purchase of a marital interest, and Wife is entitled to be paid according to the clear and plain language of the agreement for payment.

The situation before the Court in this case is not unlike that facing our Supreme Court in *Towner v. Towner*, 858 S.W.2d 888 (Tenn. 1993). In *Towner,* the parties entered into a property dissolution agreement. The alimony section of the agreement provided:

> The husband shall pay to the wife, beginning August 1, 1989, as spousal support, and shall continue paying to the wife in the event there is a divorce, $387.30 per month. The spousal support/alimony is specifically in consideration of the wife waiving any right to the husband's military retirement and therefore shall continue for the lifetime of the husband.

*Id.* at 889.

After the wife's remarriage, the husband discontinued the monthly payment, and the wife filed a motion for contempt. The husband also filed a motion to terminate his obligation for monthly payments pursuant to T.C.A. § 36-5-101(a)(3) (Supp. 1992). The trial court did not base its decision on the statute, but held that the provision that the husband pay $387.30 per month until his death in consideration of her waiver of the claim against his lifetime military pension was unconscionable and reduced the monthly payment to $234.24. The husband appealed and asserted that the payments constituted alimony in futuro and that it should have been terminated pursuant to the provisions of the cited statute. Although, the Court of Appeals found that the trial court was without authority to modify the final decree as to property division, it affirmed the trial court on its reduction of the installment payment.

-6-

The Supreme Court stated that the first issue for resolution is whether the monthly payment provision of the decree is subject to modification. *See id.* The Court noted, that pursuant to *Penland v. Penland*, 521 S.W.2d 222 (Tenn. 1975), only that portion of a property settlement agreement "dealing with the legal duty of child support, or alimony over which the court has continuing statutory power to modify, loses its contractual nature when merged into a decree for divorce. *Id.* at 224 (citations omitted)." *Towner*, 858 S.W.2d at 890.

The Court then noted that the determinative issue is whether the provision in the agreement retained its contractual nature as a division of marital property or lost its contractual nature because it is in reality alimony in futuro which the court has the continuing statutory power to modify. The Court determined that the payments to the wife were, in effect, a distribution of her portion of the military retirement benefits and discussed several Court of Appeals cases finding that various forms of future and periodic payments are marital property. In *Towner*, the Court reached the conclusion "that the payments constitute an integral part of an agreement for the division of marital property which is not subject to modification by the court." *Id*. at 892.

This situation is similar to the case at bar. Clearly, the agreement provides for the purchase of Wife's interest in the marital property and, therefore, constitutes a division of marital property which is not subject to modification. The contractual nature of the provision was not lost and should be enforced as written.

Accordingly, the order of the trial court construing the agreement is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant, Michael W. Trippett, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.