358

John Lenkutis, Sr., Appellant, v. New York Life
Insurance Company, Appellee.

Opinion
filed August 3, 1939.   Rehearing denied October 24, 1939.

A. D. MORGAN, of Herrin, FRANK E. TROBAUGH, of
West Frankfort, and E. E. DENISON, of Marion, for
appellant.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and NOR-
MAN J. GUNDLACH, all of East St. Louis, for appellee;
HOSEA V. FERRELL, of Marion, of counsel.

PER CURIAM.

On August 10, 1934, defendant issued a policy of
insurance to John Lenkutis, Jr., for $2,500, in which
his father, plaintiff herein, was named beneficiary.
The first semiannual premium of $33.45 was paid. On
February 28, 1935, the insured became ill with appen-
dicitis, was taken to a hospital, underwent an opera-
tion on March 2, became wholly delirious shortly there-
after, and on March 7 died from the effects of the
operation, at the age of 29 years. From the date he
was so taken ill until his death he was totally disabled
physically, and from March 2, the date of the opera-
tion, until he died, he was totally disabled both men-
tally and physically, in such condition that he could not
make any report to defendant concerning same or give
the latter any notice of his infirmity. On April 10,
plaintiff presented to defendant proofs of the death of
insured and his own claim of loss. The defendant re-
fused to acknowledge any liability and plaintiff
brought suit, which was heard by the court without a
jury, judgment was given for defendant, and plaintiff
has appealed.

The premium was to be paid semiannually in instal-
ments of $33.45. The first instalment was paid, the
second fell due on February 2, 1935, but was never paid.

The policy contained, among other provisions, one
relative to grace: ''If any premium is not paid on or
before the day it falls due the policy holder is in
default; but a grace of thirty-one days will be allowed
for the payment of every premium after the first,
during which time the insurance continues in force.
If death occurs within the period of grace the overdue
premium will be deducted from the amount payable

hereunder.'' The period of grace expired on March 5, 1935.

It is further provided in the policy: ''Written notice of claim hereunder must be received by the Company at its Home Office during the lifetime and during the continuance, of total disability of the Insured. Failure to give such notice within such times shall not invalidate any such claim if it shall be shown not to have been reasonably possible to give such notice within such times, and that notice was given as soon as was reasonably possible.''

Further, ''In consideration of the payment in advance of an additional semiannual premium of $1.30, which is included in and payable with the premium stated in said policy, and of the payment of a like sum with each premium after the first payable under said policy, New York Life Insurance Company agrees to waive payment of premiums under said Policy upon receipt of due proof that the Insured is totally and presumably permanently disabled before . . . age 60, as hereinafter provided. Upon receipt by the Company at its home office of due proof, as hereinafter provided, that the insured has become totally disabled by bodily injury or disease so that he is and will be thereby wholly prevented from performing any work following any occupation or engaging in any business for remuneration or profit, and that such disability has already continued uninterruptedly for a period of at least six months (such total disability of such duration being presumed to be permanent only for the purpose of determining liability hereunder), . . . the Company will waive the payment of each premium under said Policy falling due after the commencement of such total disability and during its continuance.''

The question at issue is the construction of the clause last quoted; that is, whether or not when the insured becomes totally disabled during the period of grace, and continues so until his death, such total dis-

ability must continue for six months before the insured is entitled to the benefits of the total and permanent disability provision and to the waiver of the premiums reserved in the policy. This question does not appear to have been passed upon by the courts of this State; it has, however, been considered in other jurisdictions.

While there appears to be some difference of judicial opinion, we think the rule announced by the better reasoned decisions is that where the insured becomes totally disabled and unable to furnish the insurer with notice of his condition and dies before the expiration of the period fixed by the policy as determining his presumptive permanent disability (which in this case is six months) while still totally disabled, his death will be held to be the event which determines the permanency of his condition, so far as the insured is concerned.

It is further declared that the total disability is permanent notwithstanding the fact that it results in the death of the insured within a short time after he becomes so afflicted, when it continues until the time of his death, and that to fix the liability of the insurer under such circumstances it is not required that the total disability continue for the arbitrary period fixed by the policy as declarative of presumptive permanent disability. The rule thus announced is affirmed in *Bank of Commerce & Trust Co. v. Northwestern Nat. Life Ins. Co.,* 160 Tenn. 551, 26 S. W. (2d) 135; *National Standard Life Ins. Co. v. Smith* (Tex. Civ. App.), 75 S. W. (2d) 1102; *Home Life Ins. Co. v. Keys,* 187 Ark. 796, 62 S. W. (2d) 950; *Mutual Life Ins. Co. v. Morris,* 191 Ark. 88, 83 S. W. (2d) 842; *Minnesota Mut. Life Ins. Co. v. Marshall,* 29 F. (2d) 977.

In the construction of life insurance contracts, the policy of the law is to so interpret the policy as to sustain the claim for indemnity if it can be reasonably

done, and not to defeat same without a plain necessity, and equivocal provisions in the policy, wherein it is sought to narrow the range of the insurer's obligation, are to be most strongly construed in favor of the insured; *Kaplan v. United States Fidelity & Guaranty Co.*, 343 Ill. 44; *Morris v. Central West Casualty Co.*, 351 Ill. 40.

Applying the primary rule of interpretation in force in this State, in the light of the construction placed upon similar provisions by courts of high respectability, we are constrained to hold that the insured became totally disabled within the period of grace allowed for the payment of the second semiannual premium; that he was wholly unable to furnish the insurer with notice of his condition, and that death resultant while in such state of total disability fixed the permanency of the character of such disability, even though it did not continue for six months.

We think the plaintiff, upon this record, was entitled to recover. The judgment is reversed and the cause remanded, with directions to the trial court to render judgment for the plaintiff.

*Reversed and remanded with directions.*