(No. 25495.—

JOHN LENKUTIS, SR., Appellee, *vs.* THE NEW YORK LIFE INSURANCE COMPANY, Appellant.

*Opinion filed June 14, 1940.*

KRAMER, CAMPBELL, COSTELLO & WIECHERT, and NORMAN J. GUNDLACH, (HOSEA V. FERRELL, of counsel,) for appellant.

A. D. MORGAN, FRANK E. TROBAUGH, and E. E. DENISON, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, John Lenkutis, Sr., (the appellee here) brought an action in the circuit court of Williamson county against the defendant, the New York Life Insurance Company, to recover the proceeds of a policy for $2500 issued to John Lenkutis, Jr. The cause was heard by the court without a jury and judgment was rendered in favor of the defendant. Upon appeal, the Appellate Court for the Fourth District reversed the judgment and remanded the cause, with directions to render judgment for the plaintiff. (*Lenkutis* v. *New York Life Ins. Co.* 301 Ill. App. 358.) We have granted the defendant's petition for leave to appeal, and the record is here for further review.

From the pleadings and the stipulated facts it appears that on August 10, 1934, the defendant executed a policy insuring the life of John Lenkutis, Jr., in which his father, the plaintiff, was named beneficiary. By agreement of the insurer and the insured, the policy was effective on August 2, 1934. The first semi-annual premium of $33.45 was

paid. The next premium was not paid when due on February 2, 1935, nor during the period of grace which expired March 5, 1935. On February 28, 1935, the insured, who was then twenty-nine years of age, became critically ill with appendicitis and was taken to a hospital in Herrin where an operation was performed on March 2. Shortly thereafter, he became delirious and, on March 7, died as the result of the appendectomy. From February 28, the day the insured was stricken, until his death, a week later, he was totally disabled physically and from March 2, the day of the operation, until March 7, the day of death, he was totally disabled, both mentally and physically. During the last week of his life, it is stipulated, the insured's mental and physical condition rendered it impossible for him to make any report to the defendant, to furnish it any notice of his disability or to file any claim for total disability. As soon as practical so to do, on April 10, 1935, plaintiff notified the defendant of his son's total disability, as well as his death, and presented proof of his own claim and loss under the policy. Defendant returned the proof, advising plaintiff that the policy had lapsed because of the non-payment of the premium due February 2, 1935, and that, accordingly, his son carried no insurance with it at the time of his death. This action followed.

The policy declares:

"All premiums are payable on or before their due date at the Home Office of the Company or to an authorized agent of the Company. * * * The payment of the premium shall not maintain the Policy in force beyond the date when the next premium becomes due, except as to the benefits provided for herein after default in premium payment."

The "Total and Permanent Disability" section of the policy, so far as is pertinent, provides:

"In consideration of the payment in advance of an additional semi-annual premium of $1.30, which is included in and payable with the premium stated in said Policy and of the payment of a

like sum with each premium after the first payable under said Policy, New York Life Insurance Company agrees to waive payment of premiums under said Policy upon receipt of due proof that the Insured is totally and presumably permanently disabled before * * * age 60, as hereinafter provided.

"Upon receipt by the Company at its Home Office of due proof, as hereinafter provided, that the Insured has become totally disabled by bodily injury or disease so that he is and will be thereby wholly prevented from performing any work, following any occupation or engaging in any business for remuneration or profit, and that such disability has already continued uninterruptedly for a period of at least six months (such total disability of such duration being presumed to be permanent only for the purpose of determining liability hereunder), and provided that

"(1) such total disability began before default in payment of premium under said Policy (or, in event of default, not later than the last day of grace), and that * * *

"(4) such total disability has been continuous from the beginning of the period of disability claimed,
the Company will waive the payment of each premium under said Policy falling due after the commencement of such total disability and during its continuance. * * *

"Written notice of claim hereunder must be received by the Company at its Home Office during the lifetime and during the continuance of total disability of the Insured. Failure to give such notice within such times shall not invalidate any such claim if it shall be shown not to have been reasonably possible to give such notice within such times, and that notice was given as soon as was reasonably possible."

The precise legal question presented by the agreed facts is whether the insured's total disability, within the contemplation of the foregoing provisions, arising during, and resulting in death after the expiration of, the period of grace, waived the premium falling due while the insured was totally and permanently disabled, or whether, under the circumstances recounted, the total disability must continue six months as a condition precedent to invoking the ameliorative provisions of the "total and permanent disability" clauses. The defendant asserts that disability must be both total and at least presumptively permanent before there is a waiver of premiums, insisting that there must be a period of total disability, continuing "uninterruptedly for a period

of at least six months" in all cases, in order to render the terms of the total and permanent disability section effective. To sustain the judgment of the Appellate Court, the plaintiff maintains, on the other hand, that the total and permanent disability clauses, waiving premium payments on the policy upon proof of total and permanent disability as defined therein being furnished to the insurer within a definite time, makes the waiver of the payment of premium effective from the date of the beginning of the total and permanent disability rather than from the date of furnishing proof.

Supporting his position, plaintiff also places reliance upon the familiar canon of construction that insurance contracts are to be liberally construed in favor of the insured to the end that he will not be deprived of the benefit of insurance for which he has paid, except where the terms of the policy clearly, definitely and explicitly require it. Again, ambiguous provisions or equivocal expressions whereby the insurer seeks to limit its liability will be construed most strongly against the insurer and liberally in favor of the insured. Where two constructions of the terms of a policy appear equally reasonable the construction will be adopted which enables the beneficiary to recover his loss. *Midwest Dairy Products Corp.* v. *Ohio Casualty Ins. Co.* 356 Ill. 389; *Kaplan* v. *United States Fidelity and Guaranty Co.* 343 id. 44; *Anson* v. *New York Life Ins. Co.* 252 id. 369.

The quoted provisions of the policy in controversy are not free from doubt. It appears that although the issue made by the parties presents a question of initial impression to this court, courts in other jurisdictions, upon like facts, have construed analogous provisions of insurance policies. *Kingsford* v. *Business Men's Assurance Co. of America,* 68 Pac. (2d) (Ida.) 58, closely parallels the present case. There, premiums on the policy construed were payable quarterly and thirty-one days of grace were allowed for the payment of each premium. The quarterly payment, due and paid August 13, 1933, continued the policy in force through

the period of grace, which expired December 14, 1933. The insured, it appears, became totally disabled as a result of disease on November 12, 1933, and remained so until her death on January 13, 1934. The "Total and Permanent Disability Benefits" clauses provided that the payment of any premium falling due subsequent to the commencement of continuous total disability would be waived upon receipt of proof that the disability had continued for a period of at least four consecutive months immediately preceding. As in the present case, the policy provided that failure to give notice within the times prescribed should not invalidate the claim if shown "that it was not reasonably possible to give such notice within such times and that such notice was given as soon as was reasonably possible." The beneficiary's action was predicated upon the theory that payment of the premium due November 13, 1933, was waived by the terms of the policy because of total permanent disability of the insured at the time it became due. The defendant's contentions, similar to those of the defendant in the case at bar, were that its obligation to waive premiums occurs only where (1) the insured becomes totally and continuously disabled, (2) disability has continued for a period of at least four consecutive months and, (3) receipt by it of proof of these facts. Affirming the judgment of the trial court rendered in favor of the plaintiff beneficiary, the Supreme Court of Idaho said: "Neither the provision * * * to the effect that proof shall be made that disability has continued for a period of at least four consecutive months, nor the provision * * * to the effect that notice of claim for exemption must be presented to, and received at, the home office of the company during the lifetime of the insured and during the continuance of the total disability, otherwise the claim shall be invalid, has application to a case, such as this, where the disability terminated in death. * * * The requirement * * * that written notice of claim must be presented 'during the life-

time of the assured, and during the continuance of total disability; otherwise, the claim shall be invalid,' is limited by the proviso 'that failure to give such notice within such times shall not invalidate such claim if it shall be shown that it was not reasonably possible to give such notice within such times and that such notice was given as soon as was reasonably possible.' In this case it was impossible for the insured to give notice or make proof of the continuance of her total disability for a period of four months, because she did not live that long after its commencement. It was unnecessary that any one else do so because her death rendered permanent the disability from which she had continuously suffered from November 12, 1933."

A similar situation was presented for decision in *Commonwealth Life Ins. Co. v. Francis, 278 Ky. 343, 128 S. W. (2d) 742,* where the insured became totally and permanently disabled on September 9, 1936, after the due date of her second annual premium but before the expiration of the thirty-day grace period on September 30, 1936. The insured died October 8, 1936. Seeking a reversal of the judgment rendered against it the defendant insurance company contended that the judgment could not stand because of the beneficiary's failure to allege and prove the insured was totally and permanently disabled for a period of four consecutive months. Rejecting the contention the Court of Appeals of Kentucky observed: "We are of the opinion, however, that there is a fundamental error in appellant's position in that it assumes that the date of death is the period from which the four months' disability must be measured. The event from which the four months' period of disability is to be measured is not the date of the insured's death but the date of receipt of proof that the insured had become totally and permanently disabled. * * * In short, its contention is that death is not a total and permanent disability within the meaning of the policy. We are unable to agree with this contention. * * * Death is the

most total and permanent of all disabilities preventing the insured from engaging in any business or occupation. The obvious purpose of the language of the policy that such disability must have continued for a period of at least four months is that the company might determine and establish definitely that the disability was permanent and total. This construction is justified by the parenthetical language contained in the rider, 'such disability of such duration being deemed to be permanent only for the purpose of determining the commencement of liability hereunder.' " Identical language is employed in the policy before us.

In *National Standard Life Ins. Co.* v. *Smith*, 75 S. W. (2d) (Tex.) 1102, a quarterly premium was due January 20, 1932, and the period of grace expired the following February 20. The insured became totally disabled on February 19, one day before the expiration of the period of grace and died February 26. The total and permanent disability provisions of the insured's contract in the Texas case are substantially the same as those in the instant case. The Court of Civil Appeals of Texas, held, conformably to its earlier decision in *State Life Ins. Co.* v. *Barnes*, 58 S. W. (2d) 189, that the waiver of premiums took effect at the time of the insured's disability, and did not depend upon the time when proof thereof was furnished.

In *Mutual Life Ins. Co.* v. *Morris*, 191 Ark. 88, 83 S. W. (2d) 842, where the factual situation and the policy provisions are almost identical with those in the case at bar, the court adhered to what it pronounced as its settled doctrine that existence, not proof, of disability fixes the insurer's liability, unless inescapable language of the policy makes notice and proof of disability conditions precedent to recovery under disability clauses. Singularly applicable to the case at bar is the following analysis: "The period of four months of continuing disability, as explained by the parenthetical clauses following, was only for the purpose of making a *prima facie* showing of its permanency with-

out the necessity of making due proof thereof. The effect of this was to give the insured temporary benefit of the provision of waiver until such time as it could be determined whether or not the disability was total and permanent. We do not think that the policy, liberally construed, can be said to contain any provision to the effect that disability has to continue four consecutive months before liability attaches. Nor is there any provision in the policy denying to the insured the privilege of establishing his total and permanent disability before four months have elapsed after the beginning of disability."

*Minnesota Mutual Life Ins. Co.* v. *Marshall*, 29 Fed. (2d) 977, is a leading case construing policy provisions similar to those in the present case. In this case the second annual premium was not paid on its due date, October 14, 1926, nor during the grace period of the succeeding month. The insured became permanently and totally disabled prior to November 14, the last day of the grace period, was operated on for appendicitis on November 16, and died on November 29. Sustaining the judgment rendered in favor of the beneficiary, the Circuit Court of Appeals for the Eighth Circuit made these pertinent observations: "To give the insured the full benefit of his policy, and carry out the the intention which was doubtless in the minds of the contracting parties when the policy was written, his policy should not be allowed to forfeit where his disability occurs during the grace period of his policy and continues until his death. Any other construction would be a harsh one and deprive him of a right for which he had paid the insurance company, and which he could only enjoy by employing in advance some agent to protect for him. Why so construe this disability clause in insurance policies as to make it worthless in many cases? * * * A construction making the disability benefits to begin as of the time of proof might be all right where such benefits are sought while the insured is living, but a disability provision such as the

one to be construed here, where the disability occurs near the due date of the premium and continues until death, is made worthless by holding the proof of disability and not the disability itself makes it operative. Such a construction is harsh and unreasonable and ought not to be adopted if the language used is susceptible of one more favorable to the insured."

Following and quoting with approval from the opinion in the *Marshall case, supra,* are *Home Life Ins. Co.* v. *Keys,* 62 S. W. (2d) (Ark.) 950, *Bank of Commerce and Trust Co.* v. *Northwestern Nat. Life Ins. Co.* 160 Tenn. 551, 26 S. W. (2d) 135, 68 A. L. R. 1380, where the court concluded: "We think the disability was no less permanent because it resulted in the death of the insured within a short time," and *Murphy* v. *New York Life Ins. Co.* 258 N. W. (Iowa) 749, in which the court added this observation: "Contracts of insurance should not be construed through the magnifying eye of a technical lawyer, but rather from the standpoint of what an ordinary man would believe the contract to mean. The insurance company wrote this contract. It could have stated in this contract specifically that the disability clause would not apply during the 30-day grace period. It did not see fit to do so."

We hold, in consonance with the authorities cited, that the total and permanent disability provisions of the policy before us waiving the payment of premiums accrued upon the commencement of the insured's disability, and conversely, the policy did not require that his disability continue for a period of six months as a condition precedent to the waiver. Our conclusion is confirmed by the parenthetical provision "such total disability of such duration being presumed to be permanent only for the purpose of determining the liability hereunder," tending to demonstrate that the six-months' period is the time fixed for the purpose of determining presumptive permanency of the disability in order to aid the insured in proving its permanency. In

short, the time of waiver of the payment of the premium due February 2, 1935, was the day of the beginning of the insured's total disability, namely, February 28, 1935. Due notice and proof, it is admitted, was furnished within a reasonable time after the insured's death. Plaintiff, it follows, necessarily, was entitled to recover on the policy.

The judgment of the Appellate Court is right, and it is affirmed.

*Judgment affirmed.*