## MUTUAL LIFE INS. CO. OF NEW YORK v. HEILBRONNER.

### No. 11750.

Circuit Court of Appeals, Eighth Circuit.

Jan. 10, 1941.

Rehearing Denied Feb. 3, 1941.

James C. Jones, Jr., of St. Louis, Mo. (James C. Jones and W. A. Welker, both of St. Louis, Mo., Louis W. Dawson, of New York City, and Jones, Hocker, Gladney & Grand, of St. Louis, Mo., on the brief), for appellant.

Franklin Ferriss, of St. Louis, Mo. (Wilbur B. Jones, Fred A. Eppenberger, and Salkey & Jones, all of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This suit was brought by appellee as plaintiff against the appellant to reinstate four five-thousand dollar policies of life insurance issued by appellant in January and February of 1930, to and upon the life of Theodore S. Heilbronner in favor of his wife as beneficiary, which policies appellant claimed had lapsed for non-payment of premiums in 1935 and 1936. The policies contained identical promises, given in consideration of the payment of the first premium and of the payment of further annual premiums until the death of the insured, to pay five-thousand dollar death benefit to the wife of the insured upon receipt of proof of the death of the insured, and iden-

tical clauses promising that "if the insured is totally and presumably permanently disabled before age 60 [the company] [1] will waive premium payments during such disability upon the conditions set forth in Section 3" [of the policies] [1], and the plaintiff alleged that the insured had become insane and thereby totally and permanently disabled within the meaning of the policy in September, 1930, and had so remained. In addition to her prayer to have the policies reinstated and declared in full force and effect, the plaintiff also prayed for recovery of the amounts of certain premiums on the policies paid to the company after September, 1930, together with interest and costs. There was a decree and judgment in plaintiff's favor upon findings of fact and conclusions of law made by the court and the insurance company appeals.

It admits that the insured became totally and permanently disabled through mental impairment resulting from paresis, and it is undisputed that neither the insured nor any one on his behalf paid the premiums which would be due after 1934. The company alleged in its answer that proof of disability had not been furnished to it within the requirements of the policy within six months from the date of default in the payment of premiums due, and that neither the insured nor any one in his behalf had prior to the default in the payment of premiums or within six months after such default furnished to it any proof of total and permanent disability of the insured.

It contends (1) that the insurance provided for in the policies never became effective because the disability of Mr. Heilbronner existed at the time the insurance was issued to him; (2) that there was a failure to furnish to the company proof of the insured's disability within six months after default in the payment of premium, and that such failure precluded any recovery by plaintiff in this case, notwithstanding the insured had become insane. It is also argued that if the proof could not be furnished by the insured, it should have been furnished by the beneficiary; (3) that there was fraudulent misrepresentation as to the insured's health made to procure the issuance of the policies, and that such defense is not precluded by the incontestable clause of the policies, and (4) that if it should be determined that the plaintiff was entitled to any recovery for premiums paid after the disability of the insured, then the court

erred in computing the amounts in that it failed to deduct compound interest on the policy loans made by the company and applied to make up the premium payments which were made during the disability of the insured.

 (1) We find no merit in the contention of the appellant that the disability of Mr. Heilbronner was already existing at the time the policies were issued to him. The following findings of the trial court are fully sustained by substantial evidence:

"In January, 1930, Theodore S. Heilbronner was an officer of a corporation engaged in the manufacture of ladies' dresses with an office in Chicago, Illinois, and was actively and exclusively engaged in the business of that corporation at that address."

"During the month of September, 1930, while all of said above described four policies issued by defendant were in full force and effect and while Theodore S. Heilbronner, the insured, was under the age of sixty years, being forty-three years of age at that time, the mind and body of said Theodore S. Heilbronner, the insured, became so impaired by a severe illness that it was thereafter and has been continuously since that time and is now impossible for him to follow a gainful occupation. This disability of body and mind was, has been and is 'total' within the meaning of the provisions of the said insurance policies above-mentioned. Such total and permanent disability of the insured has existed continuously from September, 1930, up to the present time, and by the end of December, 1930, it was 'presumed to be permanent' within the meaning of the provisions of the policies hereinabove mentioned."

We find no error in such findings of fact or in the court's conclusion that the disability of the insured occurred after the issuance of the policies and while they were in full force and effect. The identical incontestable clause in each of the policies made the policies incontestable after two years from the dates of issue except for non-payment of premiums and except for the restrictions and provisions applying to the double indemnity and waiver of premiums, as provided in sections 1 and 3, respectively. It was therefore not open to the company to present any defense or contest against the performance of its policy obligations based on alleged misrepresentations or fraud in the procurement of the policies.

---

[1] Interpolated.

**(2)** As to the second contention. Section 3 of the policies covering the matter of proof of disability is appended in the margin, together with the supplement to the section which was a part of the policies and was duly endorsed thereon. It is first noted that the proof of disability referred to in the section and its supplement is required to be furnished by the insured and by him alone. There is no requirement that the beneficiary should make the proof in case the insured's disability was such as to render him incapable of furnishing it. The court may not by interpretation construe the policy against the insured so as to occasion the forfeiture of the indemnity and the failure of the beneficiary to make proof of disability affords no defense to the insurance company.

There being no duty on the part of the beneficiary or insurance representative to make proof of disability, the question arises and is very fully presented whether or not the insanity of the insured excused the presentation of proof of the total and permanent disability of insured within six months after the due date of the premiums in default. It is contended for the company that the receipt of such proof by the company was a condition precedent to any liability on its part, and that notwithstanding the insured's insanity and disability the policies lapsed for failure to furnish the proof of disability. The plaintiff points out that by the terms of the supplement to section 3 the promise of the company that it "will waive premium payments during such disability" "if the insured is totally and presumably permanently disabled before age 60" is extended to include a promise by the company that it "will return any premium due after the beginning of such disability which has been paid during the continuance thereof", and that if due proof of disability is received not later than six months after due date of any premium in default "the policy will be reinstated without evidence of insurability and the waiver of premium shall be the same as if such default had not occurred."

In the opinion of this court in Mutual Life Insurance Co. v. Drummond, 111 F.2d 282, 285, we said: "The rule seems to be that the liability of an insurer for disability benefits ordinarily accrues at the time when the insured is entitled to have such benefits commence. Generally speaking, there are two classes of disability clauses:

One, those in which benefits are conditioned upon the furnishing of proof and are to commence from the time that proofs are furnished; and, two, those in which benefits are conditioned upon the furnishing of proof, but which provide that the benefits are to commence from the date that the disability occurs. Under a clause of the first class, the furnishing of proofs is a condition precedent to liability and the right of the insured to the benefits provided does not accrue until proofs are furnished. Under a clause of the second class, the occurrence of the disability is ordinarily held to be the event which creates the right of the insured to the benefits promised in the policy, and the furnishing of proofs by the insured to the company is only a prerequisite to the actual receipt of such benefits."

In that case it was held that the disability clause was of the second class because of the provisions of a rider attached. The supplement or rider attached to the policies in the present case, if not identical, is very similar to that considered in the Drummond Case, and we think that when those policies are considered in their entirety they must be construed to mean that the disability benefits are to commence as of the date such total disability occurs, and that the furnishing of proof was not a condition precedent to the company's liability.

Courts are not disposed to require the impossible. Knickerbocker v. Gould, 80 Ill. 388; Higgins v. Midland Cas. Co., 281 Ill. 431, 118 N.E. 11. Mr. Heilbronner was prevented by his mental incapacity from giving notice or making proof that he was insane, and according to the great weight of authority he was excused from complying with the policy provisions in that regard. Johnson v. Mutual Life Ins. Co., 4 Cir., 70 F.2d 41; Pfeiffer v. Missouri State Life Ins. Co., 174 Ark. 783, 297 S.W. 847, 54 A.L.R. 600, and note; 7 Couch, Cyc. of Ins., 5478 seq., § 1538k; 29 Am.Jur. 836, § 1113; Cooley's Briefs on Insurance, 2d Ed., Vol. 7, p. 5918; Restatement, Contracts, § 301(4). In very bold type on the face of the policy, over the signatures of the president and secretary and in the simplest terms, the company promised to waive premium payments "if the insured is totally and presumably permanently disabled before age 60", and that promise must be deemed one of the controlling inducements to the contract. The conditions referred to appearing elsewhere in small type and in more involved language do not suggest

negation or contradiction of the promise.[2] Compliance with the requirement of notice or proof would not in ordinary course be unreasonable or burdensome. But when the disability insured against rendered the insured non compos mentis and unable to make up and file proof of his disability, the situation is not provided for in any expressed or specific terms and the company should not on that account be relieved of its obligation to reinstate the policies and waive the payment of premium from the time the disability commenced.

It is conceded by both parties here that the applicable law is that of Illinois, the policies having been delivered in that state, and it is argued for the company that the decision of an intermediate appellate court of that state in Continental National Bank & Trust Co. v. New York Life Insurance Co., 257 Ill.App. 651, leads to a conclusion opposed to the one we have indicated. The opinion does not appear to have been published, but we have examined the copy supplied by counsel and we think it is to be distinguished from the case at bar on the facts and the issues. Here the insurance company attempts to lapse the policy involved and to escape its obligation to waive premium payments. There the policy admittedly remained in full force as life insurance and disability insurance but the insured sought to compel repayment of premiums accruing during the period of disability but prior to the presentation of proofs. The company had not agreed to repay any premiums received prior to proof of disability. Its obligation was to commence making payments on account of disability one year after the anniversary of the policy next succeeding the receipt of due proof of total disability. The policy there involved was of the class of policies referred to in the Drummond Case, supra, "in which benefits are conditioned upon the furnishing of proof and are to commence from the time that proofs are furnished." The decision is inapplicable in this case.

In a later case in an appellate court of Illinois, Hanon v. Kansas City Life Insurance Co., 269 Ill.App. 135, the court recognized the same distinction that was made by this court in the Drummond Case, supra, between policies which fix the insurer's liability as of the date of the occurrence of disability and those which limit the promise to waive premium payments to periods subsequent to receipt of proofs. The fair im-

---

[2] "Section 3. Waiver of Premium in Event of Total and Permanent Disability before Age 60.

Total Disability.—Disability shall be considered total when there is any impairment of mind or body which continuously renders it impossible for the Insured to follow a gainful occupation.

"Permanent Disability.—Total disability shall, during its continuance, be presumed to be permanent;

"(a) If such disability is the result of conditions which render it reasonably certain that such disability will continue during the remaining lifetime of the Insured; or,

"(b) If such disability has existed continuously for ninety days.

"When Premium is Waived.—If, before attaining the age of sixty years and while no premium on this Policy is in default, the Insured shall furnish to the Company due proof that he is totally and permanently disabled, as defined above, the Company will waive payment of each premium as it thereafter becomes due during such disability."

"Supplementary Benefits to Section Entitled 'Waiver of Premium in Event of Total and Permanent Disability before Age 60.'

"Benefit if Proof Delayed and no Premium in Default.—If, while no premium is in default, the proof furnished the Company under the section providing for 'Waiver of Premium in Event of Total and Permanent Disability before Age 60' is such as to entitle the Insured to the Waiver of Premium provided for therein, and if due proof is also furnished the Company that such disability has been continuous since its beginning, the Company will return any premium due after the beginning of such disability which has been paid during the continuance thereof.

"Benefit if Premium in Default not over Six Months.—If, not later than six months after the due date of any premium in default and provided no previously due premium is also in default, due proof is received by the Company before the Insured shall have attained the age of sixty years that the Insured was totally and permanently disabled, as defined in the section entitled 'Waiver of Premium in Event of Total and Permanent Disability before age 60', at the date when such premium in default fell due, and has been continuously so disabled since said due date, the Policy will be reinstated without evidence of insurability and the waiver of premium shall be the same as if such default had not occurred."

plication of this later decision would be in accord with that we have reached.

The insurance policy involved in the Drummond Case, supra, was an Illinois contract and our decision was made in accordance with Illinois law. We said: "While the Lenkutis case [Lenkutis v. New York Life Insurance Co., 301 Ill.App. 358, 23 N.E.2d 580, 581, affirmed 374 Ill. 136, 28 N.E.2d 86] is not exactly in point here, it in effect holds that an insured's right to a waiver of premiums, where the waiver is to commence as of the date of disability, accrues on that date. There can be little doubt as to what construction the same court would place upon the disability provisions of the policy in suit." The same considerations require that this second contention on behalf of appellant be ruled against the appellant.

(3) The defense that the policy was procured through the fraud of the insured by misrepresentation as to his health is fully met by the provision of the policies that they shall be incontestable after two years from their dates of issue. The point is made that the plaintiff may not have the benefit of the incontestable clause because she has brought her suit for reinstatement of the policies in equity form. But we find no merit in the contention. The binding force of the incontestable agreement is not affected by the form in which the plaintiff was required to state the case against the company in order to obtain the reinstatement to which insured was entitled.

(4) In awarding recovery for premiums paid during the period of the insured's disability, the court computed the amount upon the basis that the company was obligated to waive premium payments during that period, that the payments should not have been exacted from the insured, and that he was entitled to their return. No interest was included up to the rendition of the judgment. We find no error prejudicial to the company in such computation. The company was not entitled to exact either the premiums which it received, or compound or simple interest upon that part of the premiums which it supplied to the insured to make up the premium payments.

Other points argued in the briefs have been carefully studied, but as the decree and judgment must be affirmed upon the considerations stated, we deem it unnecessary to discuss them.

Affirmed.