## WALKER
### v.
### EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.
### No. 1072–D.

United States District Court,
E. D. Illinois.

May 12, 1954.

John Alan Appleman, Chicago, Ill., Judy & Turnbow, Champaign, Ill., for plaintiff.

Frederick Stone (of Gillespie, Burke & Gillespie), Springfield, Ill., Thomas A. Graham, Danville, Ill., for defendant.

PLATT, District Judge.

The plaintiff as beneficiary under a group life insurance policy issued by the defendant has brought suit to recover $7,200. The policy covered her husband Albert B. Hodges, who was employed by the Calvert Distilleries Corporation until November 15, 1950.

The parties stipulated that the issues to be submitted to the jury were:

1. Whether or not at the date of the termination of the employment Albert B. Hodges, deceased, was totally disabled by bodily injury or disease so as to be prevented from engaging in any occupation for compensation or profit.

2. Whether such total disability, if any, continued from such termination of employment to his death.

The case was tried by a jury. The jury failed to agree and was discharged.

At the close of all evidence, the defendant filed a motion for a directed verdict on the ground that the evidence failed to prove the issues as set forth above. This motion was reserved by the court. The defendant has now filed a Motion for judgment for defendant in accordance with the Motion for directed verdict. Fed.Rules Civ.Proc. rule 50(b), 28 U.S.C.A.

In examining the evidence there are two rules that must be kept in mind:

■ 1. That the burden of proof is upon the plaintiff to prove the issues presented to the jury.

■ 2. The evidence must be considered in its aspect most favorable to the party against whom the motion is made with every fair and reasonable inference which the evidence justifies. Mandro v. Vibbert, 4 Cir., 170 F.2d 540, at page 541.

The evidence when taken in its best light for the plaintiff disclosed the following pertinent facts: That Albert B. Hodges was a salesman employed by Calvert Distilleries Corporation from January until about November 15, 1950. From about May 1950 until November 3, 1950 Hodges lost about 10 pounds in weight and complained from time to time of pain in his left arm and shoulder. On November 3, 1950 he was hospitalized for about three days, and during the first two days of the hospitalization he complained of paralysis in his legs. Within two weeks after his release from the hospital he went to the State of Florida where he was employed as a paint salesman. About February 14, 1951 he returned to Champaign, Illinois, and was employed as an automobile salesman, and sometimes worked as a bartender in the evenings. On March 20, 1951 he was taken to the hospital and death followed at about 3 o'clock the following morning. From the time he became ill in May 1950 he appeared to have a change in personality. He became at times morose and depressed; formerly he had been cheerful and alert. His walk also changed to sluggish and slow movement. The medical testimony based upon a hypothetical question was that continuing to work after November 1950 was deleterious to his health; that the symptoms of illness were present continuously from May 1950 to his death; that he had some form of brain damage. His death was attributed to acute coronary thrombosis.

A reasonable inference from the evidence is that Hodges became ill while in the employ of the Distilleries Corporation and that continuing to engage in any occupation for compensation was deleterious to his health. We are, therefore, confronted with the legal proposition as to whether or not Hodges was totally disabled when he did work, and that any work was deleterious or harmful to his health.

The defendant maintains that the Illinois law bars recovery on the policy if the insured worked at any occupation for compensation; that it is of no avail that he was unable to work or the employment was deleterious to his health. The defendant relies principally upon the case of Lincoln v. Prudential Ins. Co., 345 Ill.App. 547, 104 N.E.2d 347. The court in that case, 345 Ill.App. at page 552, 104 N.E.2d at pages 349, 350, particularly points out that there was no evidence in the record that the insured was not able to perform any work during the period from 1942 to 1945, which was the crucial time upon which the case turned. In the instant case there is the additional medical proof that the insured in continuing to work was injuring his health, or in other words endangering his life. The court is of the opinion that the Lincoln case is not decisive of the instant case. No case has been cited by the plaintiff or defendant in their briefs, nor has the court been able to find a case in Illinois decisive of the problem.

■■ The fair and equitable interpretation of the clause in the policy is that working by the insured if injurious to his health should not bar recovery under the policy. It has been held in Illinois that the insured need not be helpless or confined to his bed to be totally disabled. Davis v. Midland Casualty Co., 190 Ill.App. 338. In the instant case the fact that the deceased attempted to work and was not financially able to remain idle should not penalize his beneficiary. Equitable Life Assur. Soc. of United States v. Watts, 230 Ala. 297, 160 So. 713. The policy uses the phrase "so as to be prevented." "Prevent" according to Webster's New International Dictionary is defined as to hinder, impede, keep (from), frustrate,

stop, check, thwart, to keep from happening or existing. The word prevented must be given the meaning most favorable to the beneficiary.[1] Thus, prevented must be construed to mean impeded or hindered the insured from engaging in any occupation for compensation. Booth v. United States Fidelity & Guaranty Co., 130 A. 131, 3 N.J. Misc. 735. Even if the insured had no knowledge of the condition of his health and continued to work, if working was injurious to his health he certainly was impeded or hindered from working.

Turning to the cases other than in Illinois, in the majority of the jurisdictions such a clause in the policy has been construed to mean that the insured is totally and permanently disabled so as to be prevented from doing any work for compensation when such work would be injurious to his health or endanger his life. Equitable Life Assur. Soc. of United States v. Watts, 230 Ala. 297, 160 So. 713; Lipnick v. New York Life Ins. Co., 211 Misc. 833, 52 So.2d 916; Wheeler v. Equitable Life Assur. Soc., 294 Mich. 520, 293 N.W. 735; Mutual Benefit Health & Accident Ass'n v. Mathis, 169 Miss. 187, 142 So. 494; Metropolitan Life Ins. Co. v. Bovello, 56 App.D.C. 275, 12 F.2d 810. See Metropolitan Life Ins. Co. v. Foster, 5 Cir., 67 F.2d 264; Horn v. Travelers Ins. Co., D.C., 64 F.Supp. 59; Massachusetts Protective Ass'n v. Lewis, 3 Cir., 72 F.2d 952, 45 C.J.S., Insurance, § 939, page 1116; 149 A.L.R. 68 et seq.

In the case of Hamm v. Metropolitan Life Ins. Co., 237 Mo.App. 12, 166 S.W. 2d 324, 331, the Missouri court had before it a somewhat similar clause in a policy. On the Motion for Rehearing "deleterious to his health" was interpreted to be the equivalent to "grave risk and danger to his health or his life." However, in that case the medical testimony did not cover the entire period in question and recovery was denied. But at page 331 of 166 S.W.2d the court said:

"We realize and fully appreciate that many men attempt to work when their condition is such that ordinary reason and prudence would dictate that they should desist therefrom because a continuance of efforts to work would gravely endanger health and life. Where there is evidence showing such conditions, our courts, including this court, have never failed to hold that a case is made for the jury to decide."

In War Risk Insurance Policy cases which require permanent and total disability, our Circuit Court of Appeals has held in Sprow v. United States, 99 F.2d 38, at page 40,

"The test is not whether the plaintiff followed a substantially gainful occupation but whether he was able to do so. * * * And the question before the court was not whether the plaintiff should recover but whether he had produced substantial evidence to be submitted to the jury. * * * One who has a serious and incurable ailment for which rest is the recognized treatment, and which will be aggravated by work, motion or movement, may nevertheless be totally and permanently disabled. Although he may attempt to engage in gainful employment, it may well be that he does his work only at the risk of his health and danger to his life. * * *"

In view of the law as thus stated the evidence in this case justifies submission of the issues to the jury.[2]

1. "Where two constructions of the terms of a policy appear equally reasonable the construction will be adopted which enables the beneficiary to recover his loss." Lenkutis v. New York Life Ins. Co., 374 Ill. 136, 140, 28 N.E.2d 86, 88.

2. For similar cases see Berry v. United States, 312 U.S. 450, 61 S.Ct. 637, 85 L. Ed. 945; Dixon v. United States, 7 Cir., 113 F.2d 640.

The court, therefore, concludes that the evidence in this case taken in its best light for the plaintiff was sufficient for the jury to determine under the terms of the policy and under proper instructions whether the plaintiff could recover.

The Motion for Judgment for the Defendant must be denied.