**State Farm Mutual Automobile Insurance Company, Appellant, v. Ernest E. Madison, Administrator of Estate of John A. Madison, Deceased, and James Dimitrion, Appellees.**

**Gen. No. 46,839.**

First District, Third Division.

June 29, 1956.

Released for publication September 12, 1956.

Meyers & Matthias, of Chicago, for appellant; Donald L. Thompson, of Chicago, of counsel.

Robert E. McAuliffe, Clarence J. Walsh, and Mark H. Ellis, all of Chicago, for appellees; Edward Wolfe, of Chicago, of counsel.

JUDGE FEINBERG delivered the opinion of the court.

Plaintiff's complaint is for a declaratory judgment that certain exclusion provisions in the policy of insurance issued to John A. Madison, now deceased, apply to the particular facts alleged in the complaint; and that there is no liability under the policy for the accident in question. Answers were filed to the complaint, which substantially admitted the facts alleged and raised only an issue of law. Plaintiff's motion for the declaratory judgment upon the pleadings was denied, and judgment entered for the defendants. This appeal followed.

The provisions of the policy pertinent to the question whether the policy covers the instant accident are:

"I. Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

"II. Defense, Settlement, Supplementary Payments. As respects the insurance afforded by the other terms of this policy under coverages A and B the company shall:

(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; . . .

"III. Definition Of Insured. With respect to the insurance for bodily injury liability, for property damage

207

liability and for medical payments the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. . . .

. . .

"VIII. . . .

"This policy does not apply:

. . .

(e) Under coverage A, to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law; *or to the insured or any member of the family of the insured residing in the same household as the insured."* (Italics ours.)

The facts admitted by the pleadings disclose that the deceased and defendant Dimitrion were travelling from the State of Wisconsin to Chicago, in a Ford automobile owned by the deceased and covered by the policy in question, and was then being driven, operated and controlled by defendant Dimitrion with the permission of the insured. While en route to Chicago, the automobile became involved in an accident, resulting in severe injuries to the deceased, causing his death.

It further appears from the pleadings that defendant administrator brought an action against defendant Dimitrion and the plaintiff in the instant case, for damages for the wrongful death of the deceased. Plaintiff disclaimed liability under the policy and refused to defend Dimitrion in the suit for damages.

We think the trial court correctly construed exclusion clause (e) Paragraph VIII of the policy, as referring to and limited to claims under the Workmen's Compensation Act. Any other construction would nullify the "Definition of Insured," clearly set out in Par-

agraph III, and render the language of the definition meaningless.

In Schmidt v. Equitable Life Assur. Society of the United States, 376 Ill. 183, 33 N.E.2d 485, the court said:

"No rule in the interpretation of an insurance policy is more firmly established, or more imperative and controlling, than that which declares *that in all cases it must be liberally construed in favor of the insured to the end that he will not be deprived of the benefit of insurance for which he has paid,* except where the terms of the policy clearly, definitely and explicitly require it (Lenkutis v. New York Life Ins. Co., 374 Ill. 136; Midwest Dairy Products Corp. v. Ohio Casualty Ins. Co., 356 Ill. 389.)" (Italics ours.)

In Mosby v. Mutual Life Ins. Co. of New York, 405 Ill. 599, 92 N.E.2d 103, the court held:

"Ambiguous provisions or *equivocal expressions whereby an insurer seeks to limit its liability will be construed most strongly against the insurer and liberally in favor of the insured.* Lenkutis v. New York Life Ins. Co., 374 Ill. 136." (Italics ours.)

In Canadian Radium & Uranium Corp. v. Indemnity Ins. Co. of North America, 411 Ill. 325, 104 N.E.2d 250, it was also stated:

*"But because the insurer is the one who prepares the contract,* ambiguous or equivocal expressions whereby the insurer seeks to limit its liability will be construed most strongly against the insurer. Pioneer Life Ins. Co. v. Alliance Life Ins. Co., 374 Ill. 576; Lenkutis v. New York Life Ins. Co., 374 Ill. 136; Midwest Dairy Products Corp. v. Ohio Casualty Ins. Co., 356 Ill. 389." (Italics ours.)

We have carefully analyzed the cases cited by plaintiff, and particularly Maryland Casualty Co. v. Holmsgaard, 10 Ill.App.2d 1, and we conclude they are not

209

applicable. In the latter case, the exclusion clause specifically and clearly excluded the damage to the car insured, being the subject of the claim, but covered liability for damage to the property of others.

The judgment of the Superior Court is affirmed.

Affirmed.

LEWE, P. J. and KILEY, J., concur.