Robert Lee Harris, Plaintiff-Appellant, v. Universal Underwriters, Inc., a Corporation, Attorney in Fact for the Universal Automobile Insurance Association, Defendant-Appellee.

Gen. No. 62–O–15.

Fourth District.

October 15, 1962.

Brady, Donovan & Hatch and A. J. Nester, of East St. Louis, for appellant.

Wagner, Conner, Ferguson, Bertrand & Baker, of Belleville, for appellee.

CULBERTSON, JR., J.

This cause is before us as the result of an action as against an insurance company, as defendant, to recover the amount of a judgment obtained by Robert Lee Harris, plaintiff, for injuries received in an automobile collision. On December 31, 1956, the plaintiff was riding as a passenger in an automobile driven by an insured driver when the automobile was involved in a collision. Plaintiff was injured and thereafter filed suit and obtained judgment as against the driver of the car in which he was riding, for $9,000, plus the costs of suit. After execution was issued and the judgment remained unsatisfied, he brought action as against the defendant insurance carrier.

The insurance policy which insured the automobile in which plaintiff was riding, contained a clause under its coverages providing that the insurer would pay on behalf of the assured on sums which the assured would become legally obligated to pay as damages sustained by any person caused by accident arising out of the ownership, maintenance, or use of the automobile. It also included a specific exclusion which specified that the policy does not apply on any liability or obligation imposed upon the insured or any company as his insurer for "any claims for loss or damages arising from injuries to or death of an occupant of the insured automobile."

On appeal in this Court the plaintiff asserts that the automobile liability policy extended coverage to the insured for injuries sustained by passengers or occupants of the insured automobile on the theory that the exclusion relied upon by defendant was ambiguous, obscure, and misleading, and did not constitute a defense to the action. In support of such contention plaintiff has cited the case of State Farm

Mut. Auto Ins. Co. v. Madison, 11 Ill App2d 206, 136 NE2d 533, where the policy in defining insured specifies "includes, as to bodily injury liability, any person while using the automobile or any person responsible for the use thereof, provided actual use of the automobile is by the named insured or with his permission." In that case the insured was killed while riding as a passenger in his automobile which was being driven by a permissive user. The exclusion clause in that case provided that the policy did not apply "to any obligation for which the insured or any company as his insurer may be held liable under Workmen's Compensation Law; or to the insured, or any member of the family of the insured residing in the same household as the insured." The Appellate Court in determining that the claim was covered by the policy, stated that the exclusion clause must be construed as referring to and limited to claims under the Workmen's Compensation Law, and that any other construction would nullify the 'definition of insured' clearly set out in the policy, and render the language of the definition meaningless.

█ In construing a contract of insurance we may consistently give effect to the insurance contract as written (McCann for the Use of Osterman v. Continental Cas. Co., 6 Ill App2d 527, 128 NE2d 624). In the case referred to the Appellate Court specifically declared that the parties to an insurance contract have the right to incorporate any provisions not in violation of law as they might elect, and that the Court has no right to make a new contract for the parties. There is no specific statutory provision prohibiting writing of a policy excluding coverage for liability to an occupant of a motor vehicle (McCann for the Use of Osterman v. Continental Cas. Co., supra).

In State Farm Mutual Automobile Ins. Co. v. Madison, supra, cited by plaintiff and referred to herein, the Court concluded that a clause which contained the

369

language referable to Workmen's Compensation Law, and which was vague in the supplementary references to the insured or any member of the family of the insured must, in view of the specific provisions contained in the clause relating to definition of insured, be construed to be limited to claims under Workmen's Compensation Act.

In the policy before us the exclusion does not relate to the insured, but to a third party claimant who was an occupant of the automobile. The language does not nullify or limit the meaning of the general coverage provision, but limits recovery for injuries sustained by any persons by excluding claims "for injuries to an occupant of the insured automobile." The policy is expressly made subject to exclusions. Such language is clear and unequivocal, and clearly excludes liability to the occupant as determined by the Trial Court when it granted the defendant's motion to dismiss plaintiff's action.

The judgment of the Circuit Court of St. Clair County will, therefore, be affirmed.

Affirmed.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.